GOULD v. THOMPSON ET AL.

1. **Tax Deed**: EFFECT OF. A tax deed, regular upon its face, is conclusive evidence of the fact of a lawful sale.

2. ———: SECOND DEED. Where a deed does not conform in its recitals to the facts, the treasurer is authorized to execute a second and corrected deed, but he has no power to execute a second deed which shall misstate the facts respecting any proceedings prior to its execution, and such deed, if executed, would be void.

*Appeal from Decatur Circuit Court.*

THURSDAY, MARCH 22.

ACTION in chancery to recover certain land and quiet the title thereof in plaintiff. The defendants claim title under a

tax sale and deed. There was a decree quieting the title in plaintiff and awarding him possession of the land and a judgment rendered against him for the value of the improvements made on the land by defendants, and for the amount expended by them in the purchase at the tax sale and in payment of taxes and for the penalty and interest thereon, as well as costs of the suit. Both parties appeal.

*W. H. Robb* and *C. C. McIntire,* for plaintiff.

*J. B. Morrison* and *E. W. Haskett,* for defendants.

BECK, J.—I. The lands in controversy, with other tracts, were sold for taxes *en masse* and a deed, so reciting the sale, was executed to the purchaser. Subsequently another deed was executed upon the same sale, reciting that the lands were sold in parcels as required by law. The defendants claim title under the second deed. The sale as made, and the first deed, were void and did not convey the title to the land, under frequent decisions of this court.

It is insisted by defendants that as the second deed recites a lawful sale of the property it is conclusive evidence of such 1. TAX DEED: sale, as it is a valid instrument executed in pureffect of. suance of law. This position is based upon the effect given to tax deeds, lawfully executed, by prior decisions of this court in *McCready v. Sexton,* 29 Iowa, 356, and other cases involving the same questions. If the second deed was lawfully executed, and is a valid instrument, the defendants' argument is sound and their conclusion correct. The title of defendants depends wholly upon the validity of this deed, which will now be the subject of our inquiry.

II. This court has more than once held that after the execution of a tax deed by the treasurer, which is irregular or 2. ———: sec- does not conform in its recitals to the facts, as exond deed. hibited by the tax records, another deed conforming thereto and regular upon its face may be executed and will be valid. *McCready v. Sexton & Son,* 29 Iowa, 356; *Genther v. Fuller,* 36 Id., 604; *Bulkley v. Callanan,* 32 Id.,

461. But this authority to execute a second deed is conferred upon the treasurer in order to correct errors committed in the first, to the end that the tax deed may conform, in its recitals, conditions and descriptions, to the tax record and the facts of the case which should appear in the instrument. The authority does not exist for the perversion of truth; it is not conferred to enable the officer to overthrow, by false recitals in a deed, the records upon which it is based. It is to be exercised only to attain the ends of truth and right. This doctrine is found in the cases just cited.

We conclude that the second deed, not being executed to correct a mistake, misdescription, incorrect recital or other matter in conflict with facts, but on the other hand with the object of perverting truth and falsifying the tax record, is void. Defendants hold no title under it. This conclusion disposes of the case upon defendants' appeal; the decision of the Circuit Court is affirmed thereon.

III. The only objection to this judgment made upon plaintiff's appeal is that costs should not have been taxed against him, having tendered to the defendants the amount they recovered for improvements, taxes, etc. But we do not find that the abstracts show the tender as claimed by plaintiff. His objection, therefore, is without support. The judgment of the court below will be affirmed also on plaintiff's appeal. The costs of the appeals will be paid by the party making them.

AFFIRMED ON BOTH APPEALS.