[No. 4035.]

'28  241
o17a  271

## EBERVILLE V. THE LEADVILLE TUNNELING, MINING AND DRAINAGE CO.

1. PRACTICE—MOTION FOR CHANGE OF JUDGE—LACHES.

A motion for change of judge in the trial of a cause on the ground that the presiding judge is disqualified should be interposed at the earliest opportunity. Such a motion made after the action had been pending for nearly five years and a demurrer and several motions had been passed on by the presiding judge, and after the issues were made up and the case was set for trial and which was called up and overruled on the day set for trial came too late and objections to the ruling thereon will not be considered on appeal.

2. PLEADING—LIMITATION—PAYING TAXES.

In an action for the recovery of the possession of real estate an answer that attempted to plead the statute of limitations and which alleged that defendant had been in possession the prescribed length of time, and had paid taxes, but failed to allege that all taxes legally assessed against the premises had been paid was insufficient to state a defense to the action.

3. PLEADING—STATUTE OF FRAUDS—SPECIFIC PERFORMANCE—POSSESSION AND IMPROVEMENTS UNDER CONTRACT OF PURCHASE.

In an action for possession of real estate an answer which attempts to set up a defense under a contract of purchase inhibited by the statute of frauds, on the ground of possession and improvements made under such contract, which fails to allege that defendant entered into possession of the premises under and in pursuance of such contract, or that the improvements were placed thereon in furtherance of and in reliance on the contract is insufficient to state a defense to the action.

4. PLEADING—TRUSTS AND TRUSTEES.

In an action for possession where defendant attempted to defend on the ground that plaintiff was trustee of the legal title for defendant's benefit, an answer which alleges a contract between defendant and another party whereby defendant withdrew his protest to a patent applied for by the other party to a placer claim including the land in controversy of which defendant was at the time an actual occupant and in consideration of which defendant was to have a deed to the land he occupied as soon as a patent issued thereto, but which fails to connect plaintiff with the contract or to charge plaintiff with notice thereof, and shows that the party with whom the contract was made was not the patentee of the land, is insufficient to state a defense to the action.

5.   JUDGMENTS—SIGNATURE OF JUDGE.

Where a degree was entered in the regular official judgment or decree book and certified to by the clerk as having been pronounced by the court, it was not necessary to its validity that it should be signed by the presiding judge.

*Error to the District Court of Lake County.*

Mr. A. J. STERLING for plaintiff in error.

Mr. JOHN A. EWING, Mr. CHARLES CAVENDER and Mr. FRANK M. GODDARD for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This was an action brought by defendant in error, as plaintiff below, for the recovery of the possession of real property. By agreement of parties, the trial was to the court without a jury. Findings and judgment were in favor of the plaintiff and the defendant brings the case here for review.

A large number of errors are assigned, not all of which are argued. Only those are determined which are necessary to the disposition of the present controversy.

1. After the action had been pending for nearly five years, and a demurrer and several motions had been passed on by the presiding judge of the court in which the action was instituted, and the issues were made up, and the case by agreement of parties had been set for trial, defendant made a motion, which was called up and overruled on the day set for trial, for a change of judge on the ground that the presiding judge was disqualified to try the cause. We shall not consider the ground of objection to this ruling. An application of this sort should be interposed at the earliest opportunity. It came entirely too late here.

2. Plaintiff's demurrer to the second defense of the answer was sustained, and defendant insists that such ruling was erroneous. It is not easy with accuracy to ascertain

just what defendant had in mind in framing this defense. There are commingled in one statement some elements of three separate defenses: (1) title based on possession and payment of taxes under the statute of limitations; (2) a contract of purchase by defendant which, though within the inhibition of the statute of frauds, was saved by part performance; (3) an equitable defense predicated on certain facts which constitute the plaintiff a trustee, and defendant the *cestui que trust*, of the property in dispute.

The demurrer might have been sustained upon one of the grounds alleged therein, that the defense was ambiguous, unintelligible, and uncertain; but for a more satisfactory reason the ruling below may be upheld. Neither of the attempted defenses is good as a defense to the action. The first was that plaintiff had been in possession of the premises during the time prescribed by our statute of limitations, and had paid taxes thereon. Irrespective of other defects that might be noted, there is no averment, as the statute requires, that all taxes legally assessed against the premises had been paid.

As to that portion of the pleading in which apparently the defendant relied upon a contract of purchase, there is nothing pleaded that tends to bind the plaintiff. Besides, there is no averment that defendant entered into possession of the premises under and in pursuance of the alleged contract, or that the improvements which he says were placed upon the premises were done in furtherance of, and in reliance, upon, it. Among other things, it must appear that the party, relying upon such contract and possession, as a matter of fact entered into possession in pursuance of the antecedent contract. It appears here that, at the time the contract was made, defendant was in actual possession of the premises, and did not take possession or make improvements in pursuance of the contract. *Von Trotha v. Bamberger*, 15 Colo. 1; 3 Pomeroy's Eq. Jurisp., § 1409; Brown on Statute of

Frauds (5th ed.) § 476; *Pickerell v. Morss et. al.*, 97 Ills. 220; *Wiseman et al. v. Lucksinger*, 84 N. Y. 31, 43.

The defense that plaintiff is the trustee of the legal title for the benefit of defendant is not well pleaded: but if it were, the evidence in the record does not support it. Defendant, it seems, attempted to plead that one Searl, who had filed upon a tract of land as the Alice placer claim, was unable to obtain a patent on account of the protests of defendant and others who were in the actual occupancy of portions · of the ground included within the limits of the placer location. Searl agreed with protestants that, if they would withdraw their protests, he would, as soon as patent was issued, convey to them respectively the portions of the grant they were then occupying. There is no proper averment that connects plaintiff with such contract, or charges him with notice. And it further appears that the person with whom the defendant alleges such a contract was made was not the patentee at all, and there is no allegation in the pleading, and nothing in the evidence, to connect plantiff with the person who entered into such contract with defendant.

3. In deraigning title plaintiff relied upon a deed made by a court commissioner whose authority was derived from a decree of the district court of Lake county rendered in a cause therein pending. The decree upon its face is regular, and shows that the court had jurisdiction of the subject-matter and of the parties to the action and power to render the particular judgment in that case. Defendant objected to the deed, and the decree upon which it is based, upon the ground that the decree in question was beyond the jurisdiction of the court. The objection is untenable. There was no evidence before the court to impeach the regularity of the decree upon which the commissioner's deed was predicated, or that showed want of jurisdiction. Counsel in argument mentions certain alleged jurisdictional defects, but we are

unable to find in the record any foundation for the objection.

4. It is said, also, that the decree in question is void because it was not signed by the presiding judge of the court. If the objection is one that plaintiff in error can raise here, it is not good. There is no requirement of our code that a judgment or decree shall be signed by the judge. This decree was entered in the regular official judgment or decree book and certified to by the clerk as having been pronounced by the court. That is sufficient.

There are various objections made to the admission and rejection of evidence; but in view of our holding that the demurrer to the second defense of the answer was properly sustained, these rulings of the court were proper. At least, defendant is not in a position to gainsay them.

Perceiving no prejudicial error in the record, the judgment of the district court is affirmed.

*Affirmed.*