[No. 4764.]

### WEBBER v. WANNEMAKER.

1. **Taxes and Taxation—Quieting Title—Tax Deeds Void on Face—Not Admissible to Prove Color of Title.**

   In an action to quiet title based on tax deeds, a tax deed void upon its face is not admissible to support color of title. —P. 428.

2. **Taxes and Taxation—Quieting Title—Tax Deeds—Pleading and Proof.**

   Where, in an action to quiet title based on tax deeds, defendant merely denies possession and title of plaintiff and asserts title in himself, he cannot introduce evidence to show the invalidity of one of the tax deeds valid on its face, since this should be pleaded as new matter.—P. 429.

3. **Same.**

   In an action to quiet title, the defendant cannot put the plaintiff upon proof of his possession and title by a simple denial. —P. 429.

4. **Same—Answer—Amendments.**

   In an action to quiet title based upon tax deeds, of which the first is void upon its face, and the second covering in part the same property conflicts in its statement of facts with the first, the defendant should be permitted to amend his pleadings so as to introduce evidence showing the invalidity of the second deed.—P. 430.

5. **Quieting Title—Adverse Possession—Statute of Limitations—Insufficient Pleading.**

   In an action to quiet title, a complaint alleging that plaintiff and her grantor have been in quiet and peaceable possession under color of title, and have paid the taxes thereon for more than seven years last past, is insufficient to show title by adverse possession, since it fails to show that plaintiff paid for seven successive years all taxes legally assessed, or to allege

any paper title or any possession under claim and color of title made in good faith.—P. 432.

**6. Quieting Title—Adverse Possession—Payment of Taxes—Continuity of Payment—Statutory Construction.**

Section 2923e, Mills' (Rev.) Stats., gives title to one in possession of lands for seven successive years under claim and color of title made in good faith, who during all of said time shall pay all taxes assessed thereon. Held, that, where one in possession for seven years failed to pay the taxes for one of these years, which was paid by the owner, no title was acquired under the statute.—P. 432.

**7. Quieting Title—Adverse Possession—Enclosure—Evidence—Statutory Construction.**

In an action to quiet title, where plaintiff relies upon adverse possession under the statute, evidence that for a time the land was fenced in common with land belonging to other parties, and that thereafter the fence was taken away, is not competent to show adverse possession, since the statute requires actual and exclusive possession.—P. 433.

**8. Quieting Title—Adverse Possession—Redemption from Tax Sale—Not Payment of Taxes Under Statute.**

A redemption from tax sale does not constitute payment of taxes so as to sustain adverse possession under the statute.—P. 434.

**9. Attorney and Client—Duties and Liabilities—Acquiring Adverse Interests with Notice.**

In an action to quiet title, an allegation that at the time the defendant acquired his quit-claim deed he was acting for the plaintiff's grantor, and was attorney for and agent of the grantor in procuring it, and procured it for such grantor's use and benefit, and held it in trust for the plaintiff as grantee of the whole title, without any allegation concerning the fraud and wrong of the defendant, is not sufficient to constitute a cause of action.—P. 434.

**10. Quieting Title—Pleading—Complaint—Replication—Departure.**

Where, in an action to quiet title, the complaint alleges that the defendant has no estate, title, or interest in the premises or any part thereof; and the replication alleges that he has a title in trust for plaintiff, and asks to have it canceled, but not conveyed to plaintiff, there is such a departure that no evidence should be received in support of them.—P. 434.

**11. Attorney and Client—Mutual Duties and Obligations—Acquiring Adverse Interests.**

Where an attorney advised his client as to the necessity

of purchasing an outstanding title against lands claimed by her, and she refused to do so, whereupon the attorney purchased such title himself, he does not hold the title in trust for the client. —P. 435.

*Appeal from the District Court of Jefferson County.*
*Hon. James E. Garrigues, Judge.*

Action by Elizabeth Wannemaker against De Witt C. Webber. From a judgment for plaintiff, defendant appeals.   *Reversed and remanded.*

Mr. HORACE G. BENSON, Mr. DE WITT C. WEBBER, and Mr. JOHN R. SMITH, for appellant.

· Mr. W. T. ROGERS and Mr. JOHN F. MAIL, for appellee.

Mr. JUSTICE CASWELL delivered the opinion of the court:

Action to quiet title. Complaint in the usual form. The answer of defendant denies the possession and title of the plaintiff and asserts title in himself, setting forth same. He also files a cross-complaint to have his own title quieted, to which plaintiff files replication setting up her title, and further attempts by the replication to plead one of the statutes of limitations as follows: "Plaintiff further recites that she and her antecedent grantor have been in quiet and peaceable possession of the property under color of title, and have paid the taxes thereon for more than seven years *last past before the commencement* of this action, by reason whereof the defendant is debarred and estopped from claiming any interest in said land." The plaintiff further recites in her replication that at the time the defendant procured the quit-claim deed, mentioned in his answer, he was acting for the plaintiff's immediate grantor in securing said deed, and was attorney for and agent of the grantor in procuring same, and that

he procured it for said grantor's use and benefit, and he held it in trust for the plaintiff as grantee of the whole title from her said grantor.

The title of the plaintiff rests upon two tax deeds, mentioned in the record and bill of exceptions as the Dollison deed and the Jones deed. The former was dated November 22d, 1880, and was issued pursuant to a certificate of the sale for taxes upon certain lands for the year 1874, the sale being had upon the 20th day of May, 1875. This deed was void upon its face and is admitted to be void by the plaintiff. It omits the description of any property in the granting clause, and purports to convey lands sold for delinquent taxes *en masse* for a gross sum. It appears, furthermore, upon the face of the deed, that these tracts were not contiguous and that they were not valued and assessed separately. Under our statutes, with certain exceptions not applicable here, lots or parcels of land must be valued and assessed separately. This rule is mandatory to the end that a lien may be created upon each separate tract for the amount of the taxes assessed and levied thereon, and because our statute further provides that the property shall be sold to the highest bidder, who is defined to be "the person offering to pay the amount due on any parcel of land or the smallest portion of the same." This court held such deeds void, and not admissible to support a title, in *Emerson v. Shannon*, 23 Colo. 275.

This deed was admitted in evidence over the objection of the defendant, upon the theory that it was admissible under the allegations of the replication as supporting color of title, and sufficient to set in motion the statute of limitation. The so-called Jones deed was also admitted in evidence over the objection of the defendant that the same was void on its face, and other objections; this Jones deed was

dated in 1893, and purports to convey a portion of the land in controversy which was mentioned in the Dollison deed. It appears upon its face that it was issued pursuant to the same sale for which the Dollison deed was issued. It purports to have been issued for a less sum of money or less amount of taxes than mentioned in the Dollison deed. It is a second treasurer's deed.

As a matter of defense, the defendant attempted to defeat the Jones deed by showing that it was based upon void proceedings preceding its issue, and sought to prove the illegalities and infirmities of the steps leading up to the issuance of the deed under his denial. The trial court rejected such evidence and offers of proof, for the reason that the same was not pleaded, and could not be received under the denials. In this ruling the trial court was correct. In this state, under the then-existing statutes, tax deeds were made *prima facie* evidence of all the steps necessary and required to be taken in the assessment and levy and sale for taxes previous to its issue. If the defendant desired to avail himself of facts not appearing on the face of the deed to show its invalidity, it was necessary to have pleaded the same as new matter. The defendant could not put plaintiff upon proof of his possession and title by denial. Under the statutory proceedings to quiet title in this state, "when defendant has shown by his answer that he asserts such an adverse interest, legal or equitable, as, if sustained by proof, might entitle him to relief in connection with the property, then, and not till then, is he in position under the statute to try the issue of plaintiff's possession and ownership." "The statutory proceeding is in this respect unlike an action of ejectment."—*Wall v. Magnes*, 17 Colo. 478, 479.

When this ruling was made at the trial, the de-

fendant asked leave to make such amendment of his pleading as would permit him to show the true facts in the case, as he claimed, which would defeat the so-called Jones deed. This application to amend was refused. In this we think the court below erred. It is the general rule concerning amendments that the trial court is guided by sound discretion and its action in permitting or refusing to permit amendments will not ordinarily be reviewed except in cases of abuse, but it was early held by this court in *Archibald v. Thompson,* 2 Colo. 389, that the tendency of modern decisions is to favor amendments when the spirit of·justice can be advanced or promoted. It does not appear that the defendant had been diligent in applying for such amendment, but it does appear, as we have seen, that the Jones deed was a second treasurer's deed, issued pursuant to the same·sale for which the Dollison deed had been issued, and it became a question of importance to the court, as well as to the litigants, to determine whether it correctly stated the proceedings supporting it, because the power of a county treasurer does not extend to executing a second deed which misstates a fact respecting any proceedings prior to its execution.— Black on Tax Titles, § 408; Devlin on Deeds, §§ 1413, 1414; *Gould v. Thompson et al.,* 45 Iowa 450; *Hewitt v. Storch,* 31 Kan. 488.

In *Gould v. Thompson, supra,* the court says: "This authority to execute a second deed is conferred upon the treasurer in order to correct errors committed in the first, to the end that the tax deed may conform, in its recitals, conditions and descriptions to the tax records and the facts of the case, which should appear in the instrument. The authority does not exist for the perversion of truth; it is not conferred to enable the officer to overthrow, by false recitals in a deed, the records upon which it is

based. It is to be exercised only to attain the ends of truth and right.'' And in the same case it is further held that a second deed, ''not being executed to correct a mistake, misdescription, incorrect recital or other matter in conflict with facts, but on the other hand with the object of perverting truth, and falsifying the tax record, is void, and that defendants held no title under it.'' In the case at bar, both the above deeds were admitted in evidence reciting different facts, and each tending to impeach the other.

The law will not lend its support to a claim founded upon its violation.—*Oscanvan v. Arms Co.,* 103 U. S. 261. If the recitals of the Dollison deed were in accord with the proceedings leading up to its issue, certainly the recitals of the Jones deed were incorrect and misstated the facts. The court did not consider this deed as evidence in support of the allegations of the complaint, if we may judge from its findings, which are to the effect that by the Jones deed and mesne conveyances plaintiff secured color of title for said land, and has ever since been, and now is, in the open, quiet and peaceable and adverse possession thereof, and has paid all taxes thereon, save and except for the year 1900, paid by the defendant on January 7th, 1901, voluntarily and with full knowledge of the plaintiff's title. The other findings upon which the judgment in this case is based, are to the effect that the plaintiff secured color of title by the Dollison deed, and remained in possession and paid the taxes the necessary statutory period, and also that the title of defendant was held in trust for the plaintiff. In short, it appears from the findings that this case was tried upon the answer and replication.

Under our practice the statute of limitations must be specially pleaded, or the defense will be considered waived.—*Chivington v. Colo. Springs Co.,*

9 Colo. 603. We have set forth the attempted pleading of the statute under which the testimony in this case in support of plaintiff's rights thereunder was admitted, and over the objection of the defendant, and for the reason that the pleading was insufficient. This pleading of the plaintiff would have been stricken out upon proper motion.—*Eberville v. Leadville, etc., Co.,* 28 Colo. 241. Very little of the statute is pleaded as required. There is no allegation that plaintiff paid for seven successive years *all* taxes legally assessed on the lands, nor does the plaintiff set up any paper title as a basis for color of title, nor is there any allegation of possession under claim and color of title made in good faith. The pleading falls far short of the requirements of the statute and is insufficient.—*Security Co. v. Wolfe,* 27 Colo. 219, and cases cited. The pleading, such as it is, however, being in the replication, stands denied by operation of law, and if supported at all, is supported by evidence insufficient to meet the requirements of the statute upon which the plaintiff relies.

The counsel for appellee (plaintiff below), claims in his brief that this case is covered by § 2923, Mills' Ann. Stats., rather than by the amendment to that statute, § 2923e, 3 Mills' (Rev.) Stats. We do not think his position tenable so far as it relates to the Jones deed. The allegation is that the plaintiff and her antecedent grantors have been in the possession under color of title and paid taxes thereon for more than seven years *last past* before the commencement of this action, all of which time is covered by the amendment, § 2923e. There are no allegations in plaintiff's pleading that she is entitled to recovery in this action by virtue of the provisions of § 2923, Mills' Ann. Stats. She is restricted by the pleading to the possession and payment of taxes, under color of title given by either deed, to the seven

years preceding the commencement of this action. The court finds that she has been in open, notorious, and adverse possession under such color of title, and has paid the taxes for said years, except one. We think the learned judge mistook the rule in such cases. The amendment, § 2923e, provides for actual possession. This does not necessarily mean that the parties shall live upon the land, but the essential elements of adverse possession are that it must be hostile to the owner and under a claim of right, that it must be actual, that it must be open and notorious, that it must be exclusive, that it must be continuous, and the statute provides that while so in possession claimant under the statute must have paid all taxes assessed for seven successive years. If the defendant paid the taxes for one of these years and the plaintiff did not, she cannot then invoke the statute. By such finding the court in effect holds that the plaintiff did not comply with the statute. The fact that the defendant paid them voluntarily would simply operate to prevent recovery from the plaintiff, but cannot assist the plaintiff to meet the plain requirements of the statute. Such finding was erroneous.

Referring now to the Dollison deed, it is not very clear when the exclusive possession was taken, if at all, under that deed. The evidence shows that the twenty-five acres in controversy were fenced, in the first instance, in common with fifty-five acres of other land belonging to persons other than the plaintiff or her grantors; that thereafter the fence was taken away. This is not evidence in support of adverse possession. It is not actual and exclusive possession, but a possession in conjunction with other land owners and it falls far short of that kind of adverse possession which deprives the true owner of his title.—*Ward v. Cochrane*, 150 U. S. 608; 1 Am.

& Eng. Enc. Law 795, and many cases cited. It would seem from the evidence that this land was fenced by itself in 1898. We do not attempt to lay down any rules in this case which would determine what might be considered adverse possession when the claimant does not reside upon the property. It is sufficient to say that it would at least require the land to be fenced by itself and the possession to be exclusive, and that the control over it be such as to give notice of open, notorious and exclusive possession.

Disregarding the pleadings for the moment, we do not find any evidence that the plaintiff and her grantors were in possession under and by virtue of the Dollison deed, and paid taxes continuously for the requisite number of years to perfect her title under the limitation statute. It is undisputed that the property was sold for taxes in the year 1893, and afterwards redeemed. Redemption from sale does not constitute payment of taxes as contemplated by our statute of limitations to sustain a title. The finding of the trial court, then, in respect to the title of the plaintiff under the Dollison deed, was erroneous.

We do not think the record of this case sustains the finding of the court that the defendant held this title as trustee for the plaintiff, nor do we think this question was properly before the court. There was no allegation concerning the fraud and wrong of the defendant in the original complaint. The allegations in the replication in respect to this matter are insufficient to constitute any cause of action. If they had been sufficient, they were such a departure from the original cause of action, as stated in the complaint, that no testimony should have been received in support of them. The complaint alleges that the defendant has no estate, right, title or interest whatever

in the premises, or any part thereof. The replication attempts to allege that he has a title, but that the same is held as a trust for the plaintiff and asks to have the same canceled but not conveyed to the plaintiff. As appears by the evidence, the defendant below was never employed by the plaintiff or her grantor to obtain this title for her. He had been the attorney for her husband and immediate grantor, in another suit. He had very frankly advised the plaintiff and her husband concerning the necessity of purchasing the title, which he afterwards purchased, when he learned of its existence, but the plaintiff refused to pay the price demanded and refused to have anything to do with it, other than to say that she would give fifty dollars for it. If he gained knowledge of the title while employed as attorney for plaintiff's grantor, he did not conceal such knowledge nor act upon it until plaintiff had refused to act, she knowing all the facts. No relation of attorney and client had ever existed between the plaintiff and defendant, and it is difficult to understand upon what theory the trial court made its findings in respect to this matter. It appears from the evidence that the defendant gave at least five hundred dollars ($500.00) for this title, and there is no offer to reimburse the defendant, and no account stated by the court, nor any order that the defendant should be reimbursed. We think the learned judge below erred, both in respect to the law and the facts, in connection with this phase of the case, and in admitting the testimony in support of the insufficient allegations as contained in the replication. The findings in this case are explicit, both as to the law and the facts, and judgment is based upon them, and if the judgment was correct it would be sustained, even though the findings were erroneous. But the judgment is not correct and is not sustained by competent and sufficient

evidence. None of the evidence concerning the rights of the plaintiff under the Dollison deed should have been admitted under the allegations herein. It appears from the record that the court did not exclude this evidence from its consideration in arriving at its conclusion in this case, but relied upon such evidence, and that the court mistook its. force and effect under the circumstances of the case.

The judgment is reversed and the cause remanded with leave to parties, plaintiff and defendant, hereto to amend their pleadings as they may be advised.    *Reversed and remanded.*

Chief Justice Steele and Mr. Justice Maxwell concur.