No. 10,355.

GOLDSBURY v. MACCONNELL.

Decided May 7, 1923.   Rehearing denied June 4, 1923.

Action for injunction.   Injunction granted.

*Affirmed.*

1. REAL PROPERTY—*Title—Tax Deed.*  A duly recorded tax deed, reg-
ular on its face, is sufficient evidence of title to support an
injunction restraining the destruction of a pipe line appurtenant
thereto.

2. PLEADING—*Amendment—Court Discretion.*  The refusal to permit
the filing of an amended answer which was not tendered until a
year after the filing of a general denial, held not an abuse of
discretion.

3. EVIDENCE—*Validity of Tax Deed.*  It was not error to reject evi-
dence tending to show the invalidity of a tax deed, where the
party offering the evidence had filed a general denial only, and
had no interest in the land taxed.

4. TAX DEED—*Validity.*  A tax deed, regular on its face, is prima
facie evidence of ownership of the one holding under it.

5. PLEADING—*Abandonment.*  Abandonment   must   be   specially
pleaded.

6. INJUNCTION—*Pipe-line.*  The ownership of property to which a
pipe line is appurtenant, being established, the right to an in-
junction to prevent the destruction of the pipe line, is not open
to question.

*Error to the District Court of Park County, Hon. James L.
Cooper, Judge.*

Mr. M. J. O'MAILIA, Mr. SAMUEL CHUTKOW, for plaintiff
in error.

Mr. EDWIN H. PARK, for defendant in error.

*En banc.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error was plaintiff in a suit for an injunction restraining the defendant from removing a pipe line from a property described as the Alma Placer. It was alleged in the complaint that plaintiff's predecessors in interest had for many years used said pipe line across said placer, with the knowledge and consent of its owners, for operating a property of which the plaintiff was the owner and in possession at the time of the beginning of the suit; that said pipe line was necessary, as laid, for the operation of plaintiff's placer; that its removal would work irreparable injury to plaintiff, and that defendant had no interest in or title to the said pipe line. The answer consisted of a general denial only. On a trial to the court the injunction was granted, and the defendant brings error. He contends that the evidence does not show a sufficient right in the plaintiff to support the injunctive order. The plaintiff showed title to the property under a tax deed duly recorded.

It is urged also that the court erred in refusing leave to file an amended answer. As this answer was tendered a full year after a general denial had been filed, it cannot be said that the court abused its discretion in denying leave to amend.

It is further contended that the court erred in rejecting evidence tending to show the invalidity of the tax deed, but as it did not appear that the defendant had any interest in the land taxed, and the answer was a general denial only, the evidence was properly rejected. *Lebanon Mining Co. v. Rogers,* 8 Colo. 34, 5 Pac. 661; *Webber v. Wannemaker,* 39 Colo. 425, 89 Pac. 780, 26 R. C. L. p. 446.

It should be stated that the deed was regular on its face, and, under our law, is *prima facie* evidence of ownership in one holding under it.

The defendant was in no better situation in his claim of right to show abandonment. It is settled law that

abandonment must be specially pleaded. The ownership of the property to which the pipe line was appurtenant being established, the right to an injunction to prevent the destruction of the pipe line is not open to question.

The judgment is accordingly affirmed.