## EMERSON v. SHANNON.

1. TAXATION—SALES EN MASSE—CONTIGUOUS TOWN LOTS.

Adjoining town lots listed by the same person may be sold *en masse* for delinquent taxes. Whether several contiguous tracts of acre property may be thus sold is not determined.

2. SAME—NONCONTIGUOUS TRACTS.

A tax deed the recitals of which show that several noncontiguous tracts of acre land were sold *en masse* for a gross sum is void.

3. SAME—MONEY TENDERED IN REIMBURSEMENT.

Action to quiet title. Defendant claimed under a tax deed, which, being found void, was decreed to be canceled, on condition that the plaintiff reimburse the defendant for all taxes theretofore paid by him on the property, with interest, etc. Plaintiff deposited in court for the use of the defendant a sum sufficient for this purpose, which the defendant refused to accept, but brought error. *Held*, upon affirmance of the decree, that the defendant is still entitled to the money so deposited.

*Error to the District Court of Prowers County.*

Mr. W. T. ROGERS, for plaintiff in error.

Mr. O. G. HESS and Mr. P. L. HUBBARD, for defendant in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Action instituted by defendant in error, Shannon, as plaintiff, against plaintiff in error, Emerson, to remove cloud from title.

It is averred in the complaint that plaintiff has the legal and equitable title to, and is in the peaceable possession of, the southeast 1/4 of section 15, township 22 south, range 46 west, situate in Prowers county. It is alleged that the defendant sets up and claims an interest in the premises adverse to the estate and interest of plaintiff, with a prayer that he be required to show his title to the end that it may be determined to be null and void, as against the title of plaintiff.

To this complaint an answer was filed containing, *first*, a general denial; *second*, an averment of title in the defendant by reason of a purchase by him of the premises, at a tax sale held on the 2d day of June, 1890, for the delinquent taxes for the year 1889. The action was tried to the court, who found the issue of title for the plaintiff, but required him to pay all taxes which defendant had previously paid upon the property, with interest, costs and penalties, amounting, altogether, to the sum of $123.25. From this judgment the defendant brings the case here by writ of error.

The defendant, to maintain his title at the trial, offered in evidence a tax deed, purporting to convey lands sold for delinquent taxes *en masse* for a gross sum, viz.:

The northeast quarter (N. E. 1/4); also, the northeast quarter (N. E. 1/4) of the southeast quarter (S. E. 1/4), southeast quarter (S. E. 1/4) of the southeast quarter (S. E. 1/4), southwest quarter (S. W. 1/4) of the southeast quarter (S. E. 1/4), and the northwest quarter (N. W. 1/4) of the southeast quarter (S. E. 1/4), all in section numbered fifteen (15), township numbered twenty-two (22) south, of range numbered forty-six (46) west; the northwest quarter (N. W. 1/4) of the northwest quarter (N. W. 1/4), section numbered seven (7), township numbered twenty-three (23) south, of range numbered forty-six (46) west.

We have just held, in the case of *Crisman v. Johnson, ante,* p. 264, that under our statutes it is lawful for the authorities to assess and sell *en masse,* for delinquent taxes, a number of town lots. Section 3822, Mills' Annotated Statutes, provides for such assessment if the lots are listed by the same person, and section 3894 provides that "when * * * adjoining lots are offered as the property of the same person, one or more may be sold for the taxes of all."

It is not necessary to determine whether, when all our statutes on the subject are considered, it is permissible to sell for taxes several tracts of contiguous acre property, as such a case is not presented, as the description given of the several tracts in the treasurer's deed will only apply to lands that are not con-

tiguous, but widely separated and in different townships. It shows that these noncontiguous tracts were sold together for a gross sum. When this instrument was offered in evidence for the purpose of showing title in the defendant, the court properly rejected the same. The authorities are uniform that such a deed is absolutely void. Black on Tax Titles, sec. 122; *Hull v. Dodge*, 18 Kan. 279; *Bryan v. Cooke*, 21 Iowa, 392; *Farnham v. Jones*, 32 Minn. 7.

Upon the announcement of this ruling, the defendant withdrew the general denials of the answer, and the court thereupon entered judgment for plaintiff, removing the cloud created by the tax deed, upon condition that plaintiff pay all taxes theretofore paid by the defendant upon the property, together with interest, penalties, and costs, thereby fully protecting the rights of the defendant in the premises. The amount of such taxes, penalties and costs was brought into court, and deposited for the use of the defendant, who refused to accept the same. He is still entitled to this money, but the plaintiff is entitled to have the cloud cast by the tax deed removed.

*Affirmed.*