## MORGAN HOWARD AND JAMES HOWARD v. W. S. HULBERT.

### No. 207. (62 Pac. 545.)

VOID TAX DEED— *Separate Sales.* A tax deed for several separate tracts of land, bid off by the county treasurer for the county at a tax sale, to be valid upon its face must show that the sale of each tract failed for want of a bidder who would pay the amount due thereon.

Error from Leavenworth district court; L. A. MYERS, judge. Opinion filed October 10, 1900. Reversed.

*John C. Douglass*, for plaintiffs in error.

*Harkness, Dawes & Wulfekuhler*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : This action was begun by the defendant in error to recover the possession of certain

lots in the city of Leavenworth.   He recovered judg-
ment therefor, and the defendants prosecute erroi
therefrom.

· There are two questions presented by the assign-
ments of error, but we find it unnecessary to notice ·
the second assignment.   The plaintiff's evidence of
title was a tax deed to one Rawlin L. Preston and a
quitclaim deed from Preston to him.   The question
presented is as to the validity of the tax deed.   It is
contended that its invalidity is disclosed upon its face.
The first objection made to it is that the true amount
of consideration cannot be determined from the face
thereof.   We do not find anything in this contention
that is sufficient to overthrow the deed as a muniment
of title, under the decisions of the supreme court.

It is next contended that none of the recitals of the
deed show that any one of the lots described therein
was offered for sale by the treasurer of Leavenworth
county for the taxes, interest and costs then due and
remaining unpaid on that particular lot, or that the
amount for which any one certificate of sale was as-
signed was the true amount required by law, and that
the true amount required for the assignment cannot
be determined from any data given by the deed.

We are not favored with any brief or argument on
behalf of the defendant in error, so that we are in the
dark as to what his contentions are regarding this
matter.

In the case of *Watkins v. Inge*, 24 Kan. 612, the sec-
ond paragraph of the syllabus reads :

"A tax deed executed in 1877, for several separate
tracts of land bid off by the tax purchaser at the tax
sales of 1874, is not void on its face if the deed shows
as many sales as tracts of land, the delinquent tax on
each tract, and the consideration for each tract."

The deed in this case shows that none of the parcels of land intended to be conveyed by it were sold to purchasers, but that they could not be sold for the amount of taxes and charges due thereon and that they were bid in by the county. It does show the amount of taxes due upon each tract and does disclose a consideration for each tract, but there is nothing in the deed which discloses that each tract was offered for sale and failed to sell for want of bidders who would pay the several amounts, or any of them, for the several tracts of land, or any of them. The inference from the language of the deed is that the sale failed because no person would pay the gross amount due upon all the tracts. To authorize the county to bid in the several tracts of land, there must have been separate offers of sale as to each tract and a failure of bids as to each tract. This necessarily follows from the decision of the supreme court in the case of *Watkins v. Inge*, supra. It follows that the court erred in holding that the deed was valid upon its face and sufficient to convey a title to the plaintiff. For this reason the judgment must be reversed, and the case remanded with directions to award a new trial.