[No. 5945.]

## PAGE ET AL. V. GILLETT.

1. **Tax Sale—Noncontiguous Lands Sold En Masse—A** sale en masse, for taxes, of noncontiguous lands, for a gross sum, is void; and a tax deed which, upon its face, shows that the sale was made in this manner, is void.—(290)

The rule is the same, whether the sale be made to the county or to an individual.—(290)

2. **Void Tax Deed—Limitations—A** tax deed void upon its face, does not set in motion the five years statute of limitations (Mills' Stats., sec. 3904; Rev. Stats., sec. 5733).—(292)

Semble, such deed may suffice as color of title under the seven-year limitation.—(293)

3. **Void Tax Deed—Evidence Aliunde—A** tax deed void on its face because showing a fatal irregularity in the conduct of the sale, cannot be supported or validated by evidence aliunde that the sale was conducted in conformity with the statute. —(293, 294)

4. **Statutes Construed—Sections** 3822 and 3888, Mills' Stats., are to be taken together; several tracts of land can be sold in one body only when adjoining and returned by the same taxpayer.—(291)

*Appeal from Logan District Court—*Hon. E. E. ARMOUR, Judge.

Mr. HENRY C. RIDDLE and Mr. JOHN F. MAIL, for appellants.

Messrs. MUNSON & MUNSON, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

Plaintiffs, appellants here, brought this action to recover 160 acres of land in Logan county, claiming to own in fee. For answer and a first defense to the complaint defendant, appellee here, admits the description of the land and possession, but denies all other allegations. Under the second, fourth, fifth and sixth separate defenses the appellee claims title to, and the right of possession of, the property

(19)

through divers tax deeds issued by the county treasurer, one dated December 20, 1899, another January 21, 1901, a third December 11, 1901, and the fourth December 8, 1902. For a third and separate defense a plea of the five-year statute of limitation, under color of title, with peaceable, undisputed and continuous possession of the premises, and the payment of all subsequent taxes legally assessed thereon, is set up. Plaintiffs joined issue on the allegations of these defenses. Trial was had to the court with findings for defendant, upon which, in due course, judgment was rendered dismissing the action. Plaintiffs bring the case here for review.

The first contention is that each of the deeds offered and received in evidence, to support the several defenses, is void on its face, because they each show that the property conveyed is noncontiguous, being located in different sections, townships and ranges, and was sold *en masse* for a gross sum.

The deeds established these facts. They convey sundry quarter sections of land, aggregating several hundred acres, widely separated, sold *en masse* for a gross sum, in which is included the one hundred and sixty acres in controversy. That the deeds are void is beyond question in this jurisdiction. In support of this conclusion we cite *Emerson v. Shannon,* 23 Colo. 274; *Webber v. Wannamaker,* 39 Colo. 425; *Whitehead v. Callahan,* 44 Colo. 396.

It is urged by defendant that the deed of December 11, 1901, shows the property bid in by the county, and a certificate issued to it, afterward assigned to defendant, upon which assigned certificate the deed was executed. The claim is that the county may bid in noncontiguous property *en masse* for a gross sum. The reason is not apparent. Such sale being void, is so without reference to who purchases, unless the statute makes some exception, and we do not find

that to be the case.  One object of separate valuation, assessment and sale is to create a lien upon each tract for its own assessment and levy.   It is manifest that this is not done if the sale is *en masse* for a gross sum.  The situation is not changed because the county buys.  The rule in this behalf is mandatory.—*Webber v. Wannamaker, supra.*  The sum for which the sale was made comprised the total tax on the whole property.   The amount of tax on each separate parcel does not appear.   The deed does not show that the tracts were offered separately, as required by statute.  Neither does it show that each tract was offered and failed to sell for lack of bidders.   The fair inference from the deed is that the sale was to the county, because no person would pay, for the entire acreage, or any part of it, the gross amount due upon all.   To authorize the county to bid in the several tracts, each parcel must have been offered for sale separately, and there must have been a failure of bids as to each. —*Howard v. Hulburt,* 10 Kan. App. 314; *Weeks v. Merkle,* 6 Okla. 714.

Under the pleadings the reliance of defendant to establish his title is alone upon these tax deeds.  Since they are void because of their own recitals, they were not competent in testimony.   They should have been excluded under plaintiff's objection.

It is further contended that, because of the following amendment to sec. 3888, vol. 2, Mills', which was passed after the decision in *Emerson v. Shannon, supra,* to wit:   "Where there are two or more tracts of land valued and assessed jointly, the treasurer shall sell the same jointly as assessed," therefore it was lawful to sell land not contiguous *en masse* for a gross sum, and the decision above referred to is not controlling.   This amendment must be considered with sec. 3822, vol. 2, Mills', which was also in force when these assessments and sales were made.  The

latter section provides:. "Each tract of land, and each town or city lot, shall be valued and assessed separately, except when one or more adjoining tracts or lots are returned by the same person, in which case they may be valued and assessed jointly." It follows that the only lands which may be valued and assessed jointly are such as adjoin and have a common ownership. Hence the only land which the treasurer may sell jointly is such as the assessor can jointly value and assess, namely, adjoining parcels, returned by the same person. Further the proofs show that this land was in fact separately assessed and valued in forty-acre tracts.

The plea of the five-year limitation statute is based upon the deed offered in evidence, dated December 20, 1899, because executed and delivered more than five years before the commencement of this suit, coupled with the peaceable, continuous and undisturbed possession of the premises, and the payment of all taxes legally assessed thereon during such period. A void deed does not set in motion this statute. That has been definitely settled by this court.— *Gomer v. Chaffee*, 6 Colo. 314; *Crisman v. Johnson*, 23 Colo. 264; *Dimpfel v. Beam*, 41 Colo. 25.

In the last named case this court, speaking through Mr. Justice Goddard, said:

"The tax deed shows on its face that it was made to Hinsdale county on the 10th day of October, 1893. The statute as amended was in force several months before this date. The deed therefore was a nullity, the statute having taken away not only the right of the county to receive the deed, but also the power of the county treasurer to make a deed to the county. The deed being void, it follows that the statute of limitations if well pleaded would have constituted no bar to the relief the appellant was entitled to under the allegations of his cross-complaint, it being well

settled that the statute of limitations does not apply where the deed is void on its face. As was said, in *Gomer v. Chaffee, supra,* it is difficult to see how the statute of limitations can well avail a defendant holding a void deed. There was nothing for the statute to operate upon; nothing for it to run in favor of or against; nothing to set it in motion. The deed was void; it did not give constructive possession or the right of actual possession.''

This statute, which provides, among other things, that: ''No action for the recovery of land sold for taxes shall lie, unless the same be brought within five years after the execution and delivery of the deed therefor by the treasurer, any law to the contrary notwithstanding,'' manifestly means a valid deed, not a void or pretended deed. The questions of color of title and possession are not involved. This particular statute is intended only for the protection of the holder of a valid tax deed. It was not intended to validate a void deed and is not set in motion by, and does not run in favor of, such an instrument. The cases cited, in this connection, for defendant, had under consideration and construed a different provision and are not in point. If the plea were under our seven-year statute, which runs in favor of one asserting title by virtue of possession and payment of all subsequent taxes for the required period, under claim and color of title made in good faith, a different question would be presented. Under such conditions it may be the deed offered would be color of title, and set that statute running. This question, however, is not here. It was the latter statute which the court considered in the decisions in *Bennett v. Northern Colo. Springs L. & I. Co.,* 23 Colo. 470, and in *De Foresta v. Gast,* 20 Colo. 307, relied upon by defendant.

Attention is directed to the rejection by the trial

judge of outside testimony, and error predicated thereon, to show that the sale was made in conformity with the requirements of the statute. The deeds themselves being void, as we have seen, outside testimony was not competent to bolster them up. Testimony showing or tending to show that the several parcels of land included in the deed were in fact offered and sold separately, not being within the issue, was properly excluded. This proof might tend to establish valid sales. It would not mend void deeds. It might be one step in proof that defendant was entitled to good deeds, when he got bad ones, but there is no such issue. This is not a suit to reform the conveyances. On the contrary, they are affirmatively relied upon as passing good title and being sound instruments. The defendant did not plead or count on the fact that each step necessary to effect a valid sale for taxes was taken, except as the deeds themselves show this, and he must be limited in proof to the issue tendered.

The case is reversed and remanded for further proceedings, in conformity with the law as here announced.                    *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.