[No. 6152.]

## CLARK ET AL. v. HUFF.

1. **Quieting Title**—If the plaintiff's title is put in issue, he must establish it by competent evidence.—(201)

And proof of plaintiff's possession alone will not suffice, though defendant gives no evidence.—(201, 202)

2. ——**Answer**—Averment that "defendants are the owners in fee simple by title from the United States," is the averment of an ultimate fact, and sufficient to put plaintiff on proof of title and possession.—(201)

And defendant may assail the validity of a tax deed offered by plaintiff to establish title, where the answer puts the plaintiff's title in issue, though his answer merely avers its invalidity, without disclosing the particular grounds upon which the document is assailed.—(201)

3. **Pleadings**—**Waiver**—Plaintiff, who replies to the defendant's answer and proceeds to trial, without objection, will not be heard to complain that the answer was improperly filed.—(202)

4. **Tax Deed**—**Void**—A treasurer's deed reciting that many non-contiguous tracts of land were subject to taxation, that taxes assessed against the same remained due and unpaid, that the treasurer, in conformity with the statute, exposed to public sale "the real property above described," etc., and that

a party named, "having offered to pay" a sum mentioned, "being the whole amount of tax, interest and costs then due and unpaid on said real property for the whole of each tract, etc., which was lowest quantity bid for, the said properties were stricken off to him at that price," shows a sale en masse. The deed is void, and does not set in motion the statute of limitation. —(200)

   5. Will—Foreign Probate—Attention called to the doctrine of Sayre v. Sage, 47 Colo. 559.—(202)

*Appeal from Kiowa District Court*—Hon. JOHN H. VOORHEES, Judge.

Mr. JOHN F. MAIL and Mr. N. F. ZUMBRUNN for appellants.

Mr. JOHN H. VOORHEES, Messrs. CRANE & PATRICK and Mr. ROBERT W. COWLES for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee, Huff (plaintiff below), brought suit against one Cones (as defendant) to quiet title to a quarter section of land. The complaint was the ordinary one under section 255 of the civil code. Before answer, Clark and Morey were made defendants, as successors to the right and interest of the original defendant, Cones. Thereafter they filed their answer, in which they denied the possession and ownership of plaintiff, and alleged that they were the owners in fee by title from the United States. They also alleged that plaintiff claimed under a tax deed issued to the estate of Robert Young, and that this deed was void on its face. To this answer plaintiff filed a replication, denying its affirmative averments, and alleging that the tax title under which he claimed was purchased from the heirs of Robert Young. He also alleged that this deed had been of record more than five years, and pleaded the statute of limitations on the subject of

recording tax deeds. At the trial plaintiff proved possession, and offered in evidence the tax deed mentioned in the pleadings of the parties, which was admitted over the objection of the defendants. Other evidence of title was also admitted against the objection of defendants, which is not material, if the court erred in admitting the tax deed, as such evidence was merely for the purpose of establishing the chain of title, which had its inception in the tax deed. Plaintiff then rested and defendants moved for a nonsuit, and that the complaint be dismissed, because plaintiff had not shown title to the land in controversy. This was denied, and defendants not offering any testimony, judgment was rendered for plaintiff quieting title in him, from which the defendants have appealed.

One objection urged to the tax deed is, that it shows a sale *en masse* of a number of non-contiguous tracts of land for a gross sum. This deed recites: ''That Whereas, the following described real property, viz.:'' then follows a description of a great number of non-contiguous tracts embracing the one in controversy, interspersed in an area twenty-five by fifty miles in dimensions, and continues (so far as material to consider) ''situated in the County of Kiowa, and State of Colorado, was subject to taxation for the year A. D. 1892; and

''Whereas, the taxes assessed upon said real property for the year aforesaid remained due and unpaid at the date of sale hereinafter named; and

''Whereas, the treasurer of said county did, on the second day of October, A. D. 1893, by virtue of the authority vested in him by law at (an adjourned sale) the sale begun and publicly held on the second day of October, A. D. 1893, expose to public sale, at the office of the treasurer, in the county aforesaid, in substantial conformity with the requirements of

the statute in such case made and provided, the real property above described, for the payment of taxes, interest and costs then due and remaining unpaid on said property; and

"Whereas, at the time and place aforesaid, Robert Young, of the County of Douglas, and State of Kansas, having offered to pay the sum of thirteen hundred and twenty-six dollars and forty-seven cents, being the whole amount of tax, interest and costs then due and remaining unpaid on said property for the whole of each tract or parcel of the above described property, which was the least quantity bid for, and payment of said sum having been made by him to the said treasurer, the said property was stricken off to him at that price."

We think it clear from these recitals that each tract was assessed separately; that the aggregate of such taxes was the sum of $1,326.47; and that all the property upon which this aggregate sum was assessed, as described in the deed, was offered for sale and sold *en masse* for the gross sum made up of the several amounts assessed against each piece separately.

This court has repeatedly decided, in circumstances similar to those in the case at bar, that a tax deed, the recitals of which show a sale *en masse,* for a gross sum, of non-contiguous tracts of acre land separately assessed, is void.—*Emerson v. Shannon,* 23 Colo. 274; *Weber v. Wannamaker,* 39 Colo. 425; *Whitehead v. Callahan,* 44 Colo. 396; *Page v. Gillette,* 47 Colo. 289.

The tax deed being void upon its face, the statute of limitations set up by plaintiff was of no avail. —*Page v. Gillette, supra; Sayre v. Sage,* 47 Colo. 554.

The motion of defendants should, therefore, have been sustained, unless for other reasons, which

will now be considered, the court ruled correctly in denying it.

In an action to quiet title the plaintiff, when his title is put in issue by the answer, must prove by competent evidence a title in himself. — *Wall v. Magnes,* 17 Colo. 476; *McCauley v. Obenstein,* 44 Neb. 39; 32 Cyc. 1366.

If he fails to do so, a motion by the defendant for nonsuit and dismissal should prevail.—32 Cyc. 1375.

On behalf of the plaintiff it is urged that the answer of defendants, to the effect that they are the owners in fee by title from the United States, is not a compliance with the decisions of this court, to the effect that a defendant in an action to quiet title must plead the nature of his interest in the property in controversy before he can put plaintiff upon proof touching his possession and title. This question was not raised below; but it is clearly without merit. The allegation that defendants are the owners in fee simple is the averment of an ultimate fact. This pleads the character and nature of their interest in the property, viz., that they are the owners in fee. To plead the facts upon which such title rested would be stating evidentiary facts which might be proper to introduce in evidence to establish title, but it is not necessary to plead them.—17 Ency. Pl. & Pr. 328.

The sufficiency of the answer and cross-complaint of defendants is also questioned, because, in the attack upon the tax deed, thereby made, it is alleged that it is void, but does not plead facts upon which this averment is based. It is unnecessary to pass upon this question. The answer of the defendants, above referred to, put plaintiff upon proof of his title.

It was also suggested on oral argument that plaintiff having proved possession, and defendants

not having offered any evidence, they were not entitled to nonsuit the plaintiff. That contention is contrary to the holding in the Magnes case, which, in effect, decides that where, as in the present instance, the defendants' answer put plaintiff upon proof of his title, he must prove possession, coupled with title, legal or equitable. Possession under the code is a condition precedent which a plaintiff, in order to maintain an action to quiet title, must establish when a proper answer has been filed, but possession is not sufficient to entitle him to relief when his title is put in issue, for the very obvious reason that if he fails to prove title he has not shown a right to a decree quieting title in him. The rule might be different if title by adverse possession was relied upon, but that question is not involved.

It was also suggested at the oral argument that defendants were not properly in court, because an order was not obtained permitting them to answer. It is too late to raise that question. The plaintiff treated their answer as regular, and went to trial without objection, and whatever merit there might be in the claim that defendants should not have been permitted to file their answer without formal leave of court, has been waived.

At the trial the will of Robert Young and the probate thereof was admitted in evidence over the objection of defendants. It did not appear that it was probated in this state. We call the attention of counsel, in the event of another trial, to the recent case of *Sayre v. Sage, supra,* 108 Pac. 160.

The judgment of the district court is reversed and the cause remanded for a new trial, and such further proceedings as will be in harmony with the views expressed in this opinion.

*Reversed and remanded.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.