[No. 6815.]

                 HUGHES V. WEBSTER.

    1.  JUDGMENT—*Collateral   Attack—What   Is*—Plaintiff  in  a
bill to quiet title relies upon a sale under execution, issued upon
a judgment by default recovered in an action in which the serv-
ice was by publication.   Defendant assails the judgment on the
ground that, by reason of defects in the affidavit for publication,
no jurisdiction of the person was acquired.   *Held* a collateral
attack—(477).

    2.   ——*Presumptions  to  Support*—Against  collateral  attack
the judgment of a court of record is supported by the conclusive
presumption that jurisdiction was obtained of the party against
whom judgment was pronounced, unless the contrary affirma-
tively appear by the record.

    Mere absence from the judgment roll of proofs which ought
to have been included is not sufficient—(477).

    The rule applies in cases instituted by attachment—(477).

3. Tax Titles—*Void Deed*—A tax sale of several non-contiguous tracts of land for a gross sum is void; and a deed which shows this upon its face is void—(477).

4. ——*Statute of Limitations*—A deed void upon its face does not set in motion the five years statute of limitations. (Mills' Stat. sec. 3904, 'Rev. Stat. sec. 5733.)—(478).

5. ——*Tax Deed Not Recorded—Color of Title*—A tax deed not recorded does not constitute color of title so as to set in motion the seven-year statute of limitations. (3 Mills' Stat. sec. 2923-C, Rev. Stat. sec. 4089)—(478).

6. ——*Color of Title and Payment of Taxes Must Concur*—Payment of taxes for seven years, during a part of which the party has no color of title, does not bar the action of one having the paramount title—(479).

*Appeal from Kit Carson District Court.*—Hon. W. S. Morris, Judge.

Mr. George W. Taylor, for Appellant.

Messrs. Allen & Webster, for Appellee.

Mr. Justice Gabbert delivered the opinion of the court:

Appellee, plaintiff below, brought suit against appellant, as defendant, to quiet title to a quarter section of land located in Kit Carson county. The defendant answered, setting up several defenses. To this answer the plaintiff filed a reply, putting in issue its affirmative averments. The case was tried to the court, and judgment rendered in favor of the plaintiff, from which the defendant has appealed.

Plaintiff, in order to establish his title, introduced in evidence the judgment roll of the district court of the city and county of Denver, including the judgment rendered in an action in which the appellee was plaintiff, and The Reliance Trust Company defendant. The action was to recover on a money demand. An attachment was issued and service had upon the defendant by publication. Un-

der the attachment the premises in controversy were levied upon, subsequently sold under execution, and a sheriff's deed issued to the plaintiff.   Counsel for defendant contends the record in this case, and judgment roll, show that the judgment was invalid, for the reason that the court did not acquire jurisdiction of the defendant in the action. This is a collateral attack.   As against such an attack, the judgment of a court of record is supported by the conclusive presumption that jurisdiction was obtained of the party against whom it was pronounced, unless the contrary affirmatively appears from the record.—*Trowbridge v. Allen,* 48 Colo. 419.

It is contended the judgment roll shows that certain steps taken were not sufficient to vest the court with jurisdiction.   We think they were.

It is also contended the roll fails to exhibit that certain other steps were taken.   The mere absence from the judgment roll of proofs which ought to have been included does not establish affirmatively in a collateral attack, that a court of record was without jurisdiction to enter the judgment it did—*Farmers' Union Ditch Co. v. Rio Grande Canal Co.,* 37 Colo. 512.   This rule applies in attachment cases.—*Burris v. Craig,* 34 Colo. 383; *Van Wagenen v. Carpenter,* 27 Colo. 444.

Defendant, in order to establish title, offered in evidence a tax deed to the premises in controversy, which, on objection of the plaintiff, was refused.   It appeared upon the face of the deed that several non-contiguous tracts of land were offered and sold *en masse* for a gross sum. Such a sale is void, and a tax deed which shows this fact is also void.—*Page v. Gillette,* 47 Colo. 289; *Clark v. Huff,* 49 Colo. 197.

The tax deed was dated October 22, 1898, and was recorded November 27, 1901.   Plaintiff's case was insti-

tuted December 21, 1907. The defendant pleaded that plaintiff's case was not brought within five years after the execution and delivery of the tax deed, and for that reason its validity could not be attacked because of the provisions of section 3904 Mills' Statutes, which provide, in substance, that an action for the recovery of land sold for taxes shall not lie unless it be brought within five years after the execution and delivery of the deed. This limitation does not apply to a tax deed void upon its face. In other words, a tax deed void upon its face does not set in motion this five-year statute of limitations.—*Page v. Gillette, supra; Sayre v. Sage,* 47 Colo. 559.

The defendant also pleaded that for a period of seven successive years prior to the commencement of the action he and his prior grantors had been, and still were, in possession of the premises in controversy, in good faith, under color and claim of title. By virtue of this plea it is contended by counsel for defendant that the tax deed exhibited color of title and should have been received in evidence by virtue of the provisions of section 2923-e, 3 Mills' Stats. A tax deed does not constitute color of title so as to set in motion this statute of limitations until filed for record.—*Sayre v. Sage, supra.*

Patent from the government for the land involved was issued to one Harold A. Carpenter in 1891. In February, 1902, Carpenter and his wife executed a quit-claim deed to one Edward J. Batie, a remote grantor of the defendant. These conveyances were offered by the defendant, and received in evidence, as, also, mesne conveyances, from which it appeared that whatever title Batie obtained from the Carpenters was vested in the defendant. Counsel contends that this chain of title, in connection with the testimony regarding possession and payment of taxes, established a title superior to that of plaintiff. Prior to

the introduction of this testimony, plaintiff had introduced in evidence a deed of trust from Carpenter upon the patented premises, and also additional evidence, from which it appears that this deed of trust was foreclosed under a trustee's sale, made in 1893 by virtue of which a deed to the premises was executed by the trustee named in the deed of trust to a party who afterwards conveyed the title thus acquired to The Reliance Trust Company. These proceedings are not attacked, and it appears that thereby the title of Carpenter to the premises was extinguished; consequently, the color of title which Batie acquired by the deed to him from Carpenter only dated from the time it was executed, which was less than seven years prior to the commencement of plaintiff's action. For this reason, it must be held that defendant did not acquire any rights under the seven-year statute, by virtue of color of title acquired under the conveyances considered.

The judgment of the district court is affirmed.

*Judgment Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.