[No. 3414.]

## INMAN v. WHITE.

1. TAX TITLE—*Void Deed*. A tax deed showing upon its face that distinct and non-contiguous tracts of land were sold en masse, for one entire sum, and failing to show the tax assessed against each tract, is void.

2. JUDGMENT—*Binds Only the Parties*. A decree assuming to quiet title to lands, given in a cause to which only those without title are made parties, and in which those having title according to the public record, are not summoned or made parties, and do not appear, is without effect.

3. —— *Who May Assail*. In a bill to quiet the title to lands the defendant showing no title will not be heard to question the regularity of a foreclosure under which the plaintiff claims.

4. APPEAL—*Harmless Error*. Where upon the case shown in the record no other judgment than that given in the court below was possible, the exclusion of immaterial evidence is harmless.

*Appeal from Phillips District Court.* HON. H. P. BURKE, Judge.

Mr. J. S. BENNETT, for appellant.

Messrs. MUNSON & MUNSON, for appellee.

Presiding Judge SCOTT delivered the opinion of the court.

The plaintiff below, appellee in this court, filed his complaint in the district court of Phillips county on the 23d day of July, 1907, asserting ownership and possession of the SW¼ of Sec. 21, Twp. 7 S., R. 45 W.; 6th P. M., and praying that title to the premises be quieted in him.

The defendant below, appellant here answered, denying title claimed by plaintiff, and asserting title in himself, and praying that title to the premises be quieted in himself.

It appears that at the institution of the suit the land in question was vacant and unoccupied.

The proof of the plaintiff shows: A patent from the government to George W. Jackson; a mortgage from Jackson and wife to Emily L. Gladding; a certificate of purchase from the sheriff of the county under foreclosure of this mortgage and a sale in such proceeding to the mortgagee Emily L. Gladding dated May 21st, 1894; the death of Emily L. Gladding on the 24th day of June, 1894; and probate proceedings showing M. Louise Gladding to be the only child and sole heir of Emily L. Gladding.

Then a deed from the sheriff of the county in pursuance of the sale, and the certificate issued thereunder, to the said M. Louise Gladding, afterward a special warranty deed from M. Louise Gladding to the plaintiff, White.

The plaintiff also claims further title in M. Louise Gladding by virtue of a tax deed from the treasurer of the county to L. A. Watkins, dated June 9th, 1892, and thereafter and on the 8th day of May, 1894, by a quit claim deed from Watkins to Emily L. Gladding.

The defendant claims under a tax deed from the treasurer of the county, dated May 7th, 1892, to L. E. Ainsworth, and from Ainsworth by mesne conveyance to the defendant. The defendant further claims under a judgment of the county court of Phillips county, dated February 10th, 1906, in an action wherein the defendant below in this case was plaintiff and Burton and Harvey, Emily M. Gladding and Marie Louise Gladding were defendants, purporting to quiet title in the premises in Niels Hanson, grantor of defendant below, and plaintiff in that case.

An objection to all this testimony of defendant was sustained by the court and the same excluded, whereupon the court rendered judgment for the plaintiff in accord with the prayer of the complaint, and this is assigned as error.

The tax deed under which defendant claims upon its face, shows that several distinct and non-contiguous tracts of land were offered and sold en masse, and not separately, as the law requires, and that the tax for which the sale was made, was the tax for the entire property sold, and does not show the amount of tax on each separate and distinct tract, and particularly upon the tract in question. The deed was therefore void on its face.

The judgment in the county court upon which defendant relies, was obtained in a suit in which the plaintiff was not made a party, had no notice and did not appear, notwithstanding the fact as appears from the record, that all the evidences of title under which plaintiff claims, and as above set out, were duly filed and recorded in the office of the clerk and recorder of Phillips county many years before the judgment was rendered.

Again, it appears that Emily L. Gladding died about twelve years before that judgment was rendered and that M. Louise Gladding conveyed her title to the plaintiff more than eleven years before that time, and it does not appear from the record that Burton and Harvey ever had any interest in the premises, so that the so-called judgment was a mere form without substance, and must be held to be void.

It will be thus seen that neither under the tax

deed, nor the judgment can the defendant lay claim to title.

While it would seem to have been the better practice for the court to have admitted the evidence offered, yet there can be no prejudicial error in this case, for the court could not, under the law, have rendered any other judgment than was entered in this case.

The appellant urges that the court erred in not permitting him to introduce evidence attacking the validity of the foreclosure proceeding upon which the sale, of and subsequent deed to the premises to Gladding, were based.

This could have in no way availed the defendant for he had no claim upon which title to himself could have been based, and therefore, no interest in the regularity or validity of the foreclosure proceedings under which plaintiff claimed. The judgment of foreclosure, the sale and the subsequent deed are prima facie valid and regular, therefore the defendant has no such interest as justifies the court in questioning the regularity of such proceedings. But assuming the foreclosure proceeding was irregular, the only interest in the mortgage itself was that of Gladding, which interest has been conveyed by deed to the plaintiff. Jackson, the mortgagor, nor any person having color of title from him, is complaining.

The doctrine as applied to this case is clearly stated in *Craft v. Merrill,* 14 N. Y. 454, as follows:

"The single question then remains, whether the plaintiff, being in possession under color of a foreclosure and having a conveyance from the mortgagee with a covenant of warranty, can sustain a

suit like the present against a party having a paper title apparently good, but having in fact, no right whatever. I am of the opinion that he can. The object of the action is not to vindicate the plaintiff's right against the mortgagor, or his heirs or grantees. The facts being shown, it is clear the defendants are not connected with the mortgagor. They derived no right from or under him, but are strangers to him and his title. They claim to be the owners of the land; but that claim is without foundation, and the assertion of it is a wrong which operates to the prejudice of the plaintiff, whether he has a perfect title or is only a mortgagee in possession. It seems to me to be no answer to say that there are other parties who can successfully contest the plaintiff's title. It may be that such parties will acquiesce, as they have hitherto done; whether they do or not is a matter of no interest to the defendants.''

This is clearly the line of reasoning by our own appellate courts. *Wall v. Maguire,* 17 Colo. 476; *Ampter v. Conlan,* 22 Colo. 150; *Mitchell v. Titus,* 33 Colo. 386.                    *Judgment affirmed.*

All the judges concurring.