[No. 7238.]

## CARNAHAN v. HUGHES.

1. TAX TITLES—*Void Deed*—A treasurer's deer reciting a sale to the county on the day on which the sale commenced, or which shows

that non-contiguous lands were sold *en masse*, for a gross sum, is void.

2. LIMITATIONS—*Void Deed*—A deed void upon its face does not set in motion the five-year limitation (Rev. Stat. sec. 5733).

3. ——*Color of Title—Tax Deed Not Recorded*—A tax deed not recorded is not color of title to vacant lands, under the statute (Rev. Stat. sec. 4090).

*Error to Kit Carson District Court.*—Hon. W. S. MORRIS, Judge.

Mr. P. B. GODSMAN, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

D. Carnahan, as owner in fee, brought suit, on December 31st, 1907, against defendant Albert C. Hughes, to quiet title to the northeast quarter of section 8, township 9 south, range 44 west, in Kit Carson county, alleging that the defendant claims an adverse interest therein, which is unfounded and without legal right. The defendant for answer alleges that he is the owner in fee and in possession; denies all averments of the complaint, except as to his claim of ownership; and sets up four separate defenses, the second, third, fourth and fifth, respectively, under various limitation statutes. Also by cross-complaint reliance is had upon the same pleas of limitation, and also upon title under tax deed of date October 22nd, 1898, recorded on the 27th of November, 1901, praying to have his title quieted. Plaintiff replied, denying the allegations of the second, third, fourth and fifth defenses, and of the cross-complaint, except that he claimed an interest in the land. He also alleges that the tax deed is void for reasons appearing on its face, in that it shows a sale of the premises for taxes to Kit Carson county on the first day of the general tax sale, and also of non-contiguous tracts of land *en masse* for a gross sum. At the trial it was stipulated that for ten years prior thereto, and at the commencement of the action, the land was, and yet is, vacant and unoccupied.

Plaintiff deraigned title, through mesne conveyances, from the United States. The defendant offered in evidence, to establish title, the tax deed upon which he counted in his pleadings. It was excluded because void on its face. Then he offered it in evidence to support the plea of the five-year statute of limitation, and for the same reason it was again rejected, and as well when offered in support of his plea, under claim and color of title in good faith, in connection with the payment of taxes for seven years, with possession, because of the stipulation that the land had been during this period, and yet was, vacant and unoccupied. Then he offered it, over objection, and the court admitted it, to support his plea of claim and color of title to vacant and unoccupied land, in connection with proof of the payment of taxes, as he claimed, covering a period of seven years. The court found the issues for the defendant and gave judgment quieting his title, to review which plaintiff brings the case here on error.

Upon the facts, both the limitation pleas, under our respective statutes, of claim and color of title and possession, with payment of taxes for the required time, were insufficient, because, during the entire period, the land was admittedly vacant and unoccupied.

The tax deed upon which the defendant relied is plainly void on its face for both reasons assigned: First. It shows a sale to the county for taxes on the first day of the general tax sale; and second. It shows the sale of numerous non-contiguous tracts *en masse* for a gross sum.—*Page v. Gillett,* 47 Colo. 289; *Empire R. & C. Co. v. Lanning,* 49 Colo. 458, 462; *Hughes v. Webster,* 52 Colo. 475; 122 Pac. 789; and *Clark v. Huff,* 49 Colo. 197. Since this deed is void on its face, the five-year statute of limitation, sec. 5733, Revised Statutes, 1908, was unavailable.—*Sayre v. Sage,* 47 Colo. 559; *Clark v. Huff, supra; Page v. Gillett, supra;* and *Hughes v. Webster, supra.* Nor is that statute a defense to an action such as this, brought merely to quiet title.—*Munson v. Marks,* 52 Colo. 553.

Neither is the plea of the seven-year statute, under claim and color of title made in good faith to vacant and unoccupied land, a good defense under the facts of the case, because the tax deed had been recorded less than seven years prior to the commencement of the suit. This statute does not begin to run in favor of one claiming under a tax deed until it is recorded. To make the tax deed competent to support the issue tendered it must have been recorded seven years before the suit was begun, because it conveyed no title, and does not purport to do so, until recorded; nor would it, unrecorded, support a claim of color of title. This has been flatly determined in the case of *Sayre v. Sage, supra,* based upon the authority of *Morris et al. v. St. Louis Nat. Bank,* 17 Colo. 231.—*Hughes v. Webster, supra,* reaffirms this principle.

No defense pleaded was established by proof, and the finding and decree for the defendant are without legal warrant. The judgment is reversed and the cause remanded, with instructions to enter judgment for plaintiff.

*Reversed and Remanded with instructions.*

Reversed and remanded with instructions.

Mr. Justice Musser and Mr. Justice White concur.