[No. 3363.]

## FLEMING v. HOWELL.

1. TAX TITLES—*Tax Deed—Void*. A tax deed showing on its face the sale of several non-contiguous parcels of land *en masse* for a gross sum, or that, the sale being made to the county, the certificate was assigned by the county clerk more than three years after the tax sale, is void.

2. —— *Deed Not Observing Statutory Form*. A tax deed omitting material recitations set down in the statutory form, e. g. that the lands had not been redeemed, is no evidence of title.

3. LIMITATIONS—*Void Deed*. A deed void upon its face does not set in motion the five years statute of limitations (Rev. Stat., sec. 5733).

4. —— *Adverse Possession*, can not be established by inference or implication. An admission that defendant was in possession of the land for some time prior to the institution of the action is not sufficient.

5. —— *Pleading*. The statute of limitations must be expressly pleaded.

6. —— *Constructive Possession of Lands*. A void deed does not confer constructive possession of land. The paramount owner is in law, deemed to continue in possession until actual entry and possession taken by another, or until payment of taxes for the requisite period, concurrent with color of title made in good faith, as provided by the statute (Rev. Stat., sec. 4090) shall, in the case of vacant lands, have become equivalent in law to an actual ouster.

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. THOMAS B. STUART, Mr. CHARLES A. MURRAY, for appellant.

Mr. R. H. GILMORE, *amicus curiae*.

Mr. JOHN F. MAIL, for appellee.

KING, J., delivered the opinion of the court.

Appellee, as plaintiff, brought this action in the nature of ejectment, to recover from the defendant

four certain parcels of land situate in Washington county, alleging his title in fee simple and right to immediate possession, and that defendant wrongfully withheld possession thereof. The defendant, among other defenses, pleaded title in himself by virtue of several tax deeds, also color of title under one of said deeds, and invoked the bar of the statute of limitations, pleading and relying upon both the short statute as applied to actions for recovery of land sold for taxes (Rev. Stats., '08, sec. 5733; Mills' Ann. Stats., sec. 3904), and the seven-year statute, alleging his actual possession under claim and color of title made in good faith, with payment of all taxes legally assessed, for the full period required by said statute.—Rev. Stats., '08, sec. 4089.

Plaintiff deraigned title from the original patentee through several mesne conveyances. No serious objection was made to plaintiff's title, except that it was defeated by the several tax deeds and the statutes of limitation as hereinbefore set forth.

Defendant's several tax deeds were refused admission as evidence of title, but admitted for the purpose of showing color of title. Each was void on its face. The first deed, because it showed the sale to the county of several non-contiguous tracts of land, *en masse,* for a gross sum, and that the certificate of purchase, upon which the deed was based, had been assigned by the county clerk more than three years after the tax sale and issuance of said certificate.—*Emerson v. Shannon,* 23 Colo., 274. *Page v. Gillett,* 47 Colo., 289. *Hughes v. Webster* (Colo.), 122 Pac., 789, 790. *Carnahan v. Sieber Cattle Co.,* 34 Colo., 257. *Empire Ranch & Cattle Co. v. Coldren* (Colo.), 117 Pac., 1005. *McLaughlin v.*

*Reichenbach* (Colo.), 122 Pac., 47. The second deed was made pursuant to the same tax sale as the first, upon an assignment of the certificate made by the county treasurer, by authority of the board of county commissioners, but was void on its face because of the recital therein of the sale of non-contiguous tracts *en masse,* as in the first. The other two deeds omitted certain material recitations required by the statute to be made in the form prescribed for treasurer's deeds, to-wit, that the property had not been redeemed from tax sale as provided by law. The deeds were therefore inadmissible as evidence for the purpose of showing title.

Seven years and four months had elapsed after the first tax deed had been recorded, before suit was brought, and all taxes assessed upon said lands during that time had been paid by the defendant, but the deed, being void on its face, did not operate to set the five-year statute of limitations in motion. —*Gomer v. Chaffce,* 6 Colo., 314. *Page v. Gillett, supra. Sayre v. Sage,* 47 Colo., 559. *Hughes v. Webster, supra.*

The tax deed relied upon by the defendant gave him color of title from the date of its record.—*Morris and Thombs v. St. Louis National Bank,* 17 Colo., 231. *Sayre v. Sage, supra. Hughes v. Webster, supra.* But it is not necessary to decide whether the bar of the seven-year statute of limitations began to run from the date of such record, or whether the payment of taxes, admitted and otherwise established, was sufficient to constitute an effective bar to the suit, if compliance with other provisions of the said statute had concurred therewith; for, the evidence does not prove such concurrence. It does

not show when the defendant went into possession,
nor that he was in the actual and continuous pos-
session of said lands during the whole period of
seven years mentioned.   Actual adverse possession
cannot be established by inference or implication.
The admission that he was in possession at and for
some time prior to the time when suit was com-
menced, was not sufficient.   The nature of the de-
fense relied upon required strict proof.   There was
a complete failure of such proof to establish the
possession as alleged.   This failure is not cured, nor
avoided, nor is defendant in any way aided, by the
doctrine of constructive possession, for his void deed
did not give him such possession.   On the con-
trary, the grantee of the original owner had con-
structive possession by virtue of a perfect legal
title, and such possession is deemed to continue until
interrupted by an actual entry and adverse posses-
sion taken by another (*Morris and Thombs v. St.
Louis National Bank, supra*), or until the payment
of taxes on vacant and unoccupied lands for the
requisite period of years, concurrent with color of
title made in good faith (as provided by sec. 4090,
Rev. Stats., '08), shall have become equivalent in
law to actual ouster or disseizin. . The benefit of this
latter statute was claimed by appellant in argu-
ment, but cannot be allowed, for the reason that its
bar was neither raised by the pleadings nor sus-
tained by the facts developed at the trial.

Express mention of other exceptions taken and
assignments of error made by appellant, is unneces-
sary, by reason of decisions of the supreme court
upon the questions involved, rendered since the
briefs in this case were filed.   And particular refer-

ence to the argument in the able and exhaustive brief of the *amicus curiae* is not made, for the reason that such brief is based upon, and the argument confined almost entirely to, those provisions of the statutes of limitation which are not properly raised by the pleadings nor sustained by the evidence herein, and therefore not applicable.

Finding no substantial error in the record, the judgment of the trial court will be affirmed.