[No. 3413.]

## LOUGEE v. BEENEY.

1. LIMITATIONS—*Payment of Taxes.*  A payment of taxes upon lands after an action brought for the recovery thereof is not accepted to support a plea of the seven year limitation act.

2. PROCESS—*Service by Publication—Affidavit.*  An affidavit to secure publication of the summons in a civil cause, made by the attorney therein, or which fails to give the post office address of the defendant, no explanation being made for the failure of the plaintiff to make the affidavit, and no excuse for the omission to give the defendant's address, is not a compliance with the statute.   (Rev. Code, sec. 45.)

A judgment by default upon publication of the summons upon such an affidavit is a nullity and may be assailed collaterally.

3. APPEALS—*Harmless Error.*  A decree vacating a prior decree which is a mere nullity is not prejudicial, even if erroneous.

*Appeal from Washington District Court.*  HON. H. P. BURKE, Judge.

Mr. R. H. GILMORE, for appellant.

Mr. JOHN F. MAIL, for appellee.

CUNNINGHAM, Judge.

Appellee, who will be hereafter referred to as plaintiff, brought his action in ejectment in the dis-

trict court to recover possession of the north west quarter (¼) section twelve (12) town two (2) north range fifty (50) west, Washington County. The answer was a general denial followed by a supplemental answer setting up payment of taxes for seven years, the last payment of taxes being made by the defendant on the first day of January, 1908. The complaint was filed on August 7th, 1907. The original answer, as we have seen, was a general denial only, and was filed December 24, 1907. The supplemental answer referred to was filed July first, 1908. Thus it will be seen, the seventh payment of taxes plead in the supplemental answer was made almost eleven months after the institution of the suit, and a few days after the filing of the answer. Institution of suit stopped the running of the statute of limitations, and the seventh payment of taxes made under the circumstances related, cannot avail defendant. Indeed, no contention-is made by him in the brief that the statute of limitations as plead in the supplemental answer is relied on.

The defendant appears to rely wholly for his title upon a certain decree of the county court of Washington County, purporting to quiet title to the premises in controversy in one Margaret D. Dickson, defendant's grantor. This quiet title proceeding in the county court, resulting in the aforesaid decree, was brought by Margaret D. Dickson as plaintiff. The affidavit for publication of summons in the case in the county court was made by Dickson's attorney. This affidavit is fatally defective in two respects: (a) It was not made by the plaintiff, but by her attorney, without any reason being given why the plaintiff herself did not make the affidavit. (b) The

affidavit does not set forth the postoffice address of the defendant. Counsel for defendant does not contend in his brief that the affidavit is sufficient, but insists that the decree being fair on its face could not be attacked collaterally. The contrary has been expressly ruled by our supreme court in *Empire Ranch & Cattle Co. v. Coldren,* 51 Colo. 115; 117 Pac. 1005.

Complaint is made by appellant of the trial court's decree in that it purported to vacate not only defendant's title, but the entire decree of the county court. That decree (that is, the decree of the county court) purported to quiet title to the land in controversy here, and no other. Under the ruling in the *Empire Ranch and Cattle Company* case, *supra,* and the authorities there cited, that decree is a nullity and could never avail the defendant in any action. Therefore, we are unable to perceive how defendant could have been prejudiced in any manner by the wording of the decree rendered by the trial court in this case.

The judgment of the district court is affirmed.

*Affirmed.*

Decided July 8, A. D. 1912. Rehearing denied October 14, A. D. 1912.