[No. 3602.]

## BEAVER v. COOK.

1. TAX TITLE—*Void Deed.* A treasurer's deed omitting the recitation prescribed by statute that more than three years had elapsed from the date of the sale, and redemption has not been made, is void.

So a deed upon a sale to the county, and an assignment of the certificate of purchase by the county clerk more than three years after its issuance.

2. LIMITATION—*Action to Quiet Title.* The short statute of limitations (Rev. Stat., sec. 5733) cannot be invoked as a defense to an action to quiet title.

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. AUGUST MUNTZING, Mr. EGBERT MORE, for appellant.

Mr. ISAAC PELTON, for appellee.

KING, J., delivered the opinion of the court.

Appellee brought suit to quiet his title to the southeast quarter of section 19, in township 3 north, of Range 49 west, in Washington county, alleging his ownership and possession thereof, and wrongful adverse claim thereto by the defendant. To this complaint defendant made answer and cross-complaint denying ownership and possession in plaintiff, and alleging adverse claim and ownership based upon two certain treasurer's tax deeds to the said lands, issued by the county treasurer of said county and duly recorded, and also pleaded the five years statute of limitations (Rev. Stats. '08, sec. 5733) and the seven years statute under claim and color of title made in good faith to vacant and unoccupied land, with the payment of all taxes legally assessed thereon for said period. Plaintiff replied admitting the execution, delivery and recording of said deeds, but alleging that each thereof was void upon its face for reasons stated. Judgment was rendered for plaintiff. Plaintiff deraigned title from the patentee.

Each of said tax deeds was void on the face thereof; the first, because of the omission of a substantial recitation required by the statutory form of deed, to-wit, that more than three years had elapsed since the date of said sale, and the said property had not been redeemed therefrom as provided by law.—*Fleming v. Howell,* 22 Colo. App., 382; 125 Pac., 551; the second, because it showed that it was issued upon a certificate of sale to the county, assigned by the clerk more than three years after the issuance thereof.—*McLaughlin v. Reichenbach,* 52 Colo., 437; 122 Pac., 47; *Empire Ranch & Cattle Co. v. Coldren,* 51 Colo., 115; *Carnahan v. Sieber Cattle Co.,* 34 Colo., 257; *Bryant v. Miller,* 48 Colo., 192; *Page v. Gillett,* 47 Colo., 289.

For the reasons given, and for the further reason that the action was not for the possession of land sold for taxes, but an ordinary suit to quiet title, appellant cannot successfully invoke the benefit of the short statute of limitations.—*Carnahan v. Hughes,* 53 Colo., 318, 125 Pac., 116; *Fleming v. Howell, supra.*

The proof wholly failed to show payment of taxes for seven years under claim and color of title. Perceiving no error in the record, the judgment will be affirmed