Morgan, J.
On rehearing granted by the supreme court. Appeal from a judgment and decree for possession of land sold for taxes, and setting aside certain tax deeds, in the Phillips district court, in favor of appellee, whose complaint was met by an answer relying on the tax deeds and on a judgment quieting title to the property involved, and to which answer the appellee replied that the deeds and the judgment were void, and asked that they be set aside.
The appellant asks a reversal, presenting the validity of these instruments for the consideration of this court. The judgment was invalid, because the affidavit upon which the order of publication of summons was made states that the residence of the defendants is unknown, instead of stating that their postoffiee address is unknown. To state that the residence is unknown is not in strict compliance with the statute that requires an *557 affidavit for publication of summons to state that the postoffice address is unknown. In the case of Empire Ranch & Cattle Co. v. Gibson, 129 Pac., 520, in which the affidavit stated that the residence of the defendant was unknown, but did not state that the postoffice address was unknown, this court-held that the judgment was void. See also Empire Co. v. Howell, 22 Colo. App., 389; Empire Co. v. Coldren, 51 Colo., 115, in which collateral attack is sufficiently discussed; Lougee v. Beeney, 22 Colo. App., 603; Empire Co. v. Saul, 22 Colo. App., 605.
One of the two tax deeds is void on its face, because it shows that non-contiguous tracts of land were sold' en masse for a gross sum. This deed describes two tracts of land that could not be contiguous under the government survey, and then states that they were offered and sold to the county for a gross sum of money. Such a tax deed has been held to be void on its face in the cases of Emerson v. Shannon, 23 Colo., 274; Webber v. Wannemaker, 39 Colo., 425; Whitehead v. Callahan, 44 Colo., 396; Page v. Gillett, 47 Colo., 289; Clark v. Huff, 49 Colo., 197, 200; Hughes v. Webster, 53 Colo., 318, 122 Pac., 789; Carnahan v. Hughes (Colo.), 125 Pac., 116; Inman v. White, 21 Colo. App., 429; Kit Carson Land Co. v. Rosenberry, 21 Colo. App., 439; Foster v. Clark, 21 Colo. App., 192; Fleming v. Howell, 22 Colo. App., 382; Vanderpan v. Pelton, 21 Colo. App., 357.
The other tax deed is void, because the affidavit of the treasurer concerning the posting of the tax list and notice was wholly insufficient. This affidavit by the treasurer states that for four weeks prior to the tax' sale, which occurred on the 9th day of December, 1895, “I kept posted continuously near the front door of my office and in plain view of the public, a complete printed list of all property offered for sale on that aforesaid day, with the exception of the amended list, which was posted for one week, as provided by law. ’ ’
*558 This affidavit was defective and insufficient, and was not in substantial compliance with secs. 3882, 3883 and 3885, Mills’ Ann. Stat., in force at that time. An affidavit of the treasurer, in substantial compliance with the statute, is a prerequisite to a valid tax deed. The insufficiency of the affidavit herein consists in the absence of a statement as to what his posted notice contained concerning* where and when the sale would take place; that so much of the property described would be offered at public sale on which taxes for the specified year, or years, had not been paid, as should be necessary to pay said taxes, interest and penalties. Keeping* “posted continuously near the front door o.f his office and in plain view of the public,” is not in compliance with a statute requiring the posting to be “in a conspicuous place on or near the outer door of the office or building' commonly used as the office of the treasurer. ’ ’ From this defective affidavit it- appears the treasurer posted nothing more than “a complete printed list of all the property offered for sale on that aforesaid day.” This would not mean that he posted the notice of the time, place, manner and purpose of the sale, but only the printed list of the property. This was not sufficient. Our courts have considered some features of this affidavit in the following cases: Bertha Gould M. & M. Co. v. Burr, 31 Colo., 264; American Bond Co. v. Hopkins, 46 Colo., 460.

Judgment Affirmed.

Cunningham, P. J., King and Hurlbut, JJ., concur. Bell, J., does not participate.