[No. 3379.]

LITTLE v. WILSON.

1. TAX TITLE—*Void Deed.* A sale of lands to the county for the non-payment of a tax, made on the first day of the sale, is void; and a deed made thereon, showing this defect, is void upon its face, and not sufficient to set in motion the five year limitation.

2. JUDGMENT—*Must Rest Upon the Evidence.* In an action of ejectment the judgment for the plaintiff assumed to annul a former decree quieting title in the defendant. This decree, pleaded in the answer, was denied by the replication, and no evidence whatever of such decree was produced at the trial. The clause of the judgment relating to such decree was held improper, and the court below was directed to modify it accordingly.

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. AUGUST MUNTZING, Mr. EGBERT MORE, for appellant.

Mr. CHALKLEY A. WILSON, Mr. JOHN F. MAIL, for appellee.

CUNNINGHAM, J.

The appellee, Asher B. Wilson, brought his action in ejectment in the district court, to recover possession of the southeast quarter (S. E. ¼) of section two (2), township two (2) north range fifty-two (52) west, Washington county, from William Little, appellant, defendant below.

The defendant answered, setting up four defenses. On the trial he offered evidence in support of but one of his four defenses, the third, which was based on a treasurer's deed which had been issued to appellant for more than five, but for less than seven years. The replication was a denial of all the allegations in the answer. The trial court, on objection properly interposed, excluded said deed when same was offered. The deed was void on its face, for the reason that it showed a sale to the county of the land in question, on the first day of the tax sale proceeding conducted by the treasurer of the county.—*Bryant v. Miller,* 48 Colo. 192, and cases there cited.

Appellee's contention that the tax deed possessed sufficient vitality to set the so-called short statute of limitation, that is, the five year statute, in motion, has been so repeatedly held unsound in this state, that it is no longer open to debate.

*Gomer v. Chaffee,* 6 Colo. 314; *Chrisman v. Johnson,* 23 Colo. 264; *Dempfel v. Beam,* 41 Colo. 25; *Page v. Gillette,* 47 Colo. 289; *Sayre v. Sage,* 47 Colo. 559; *Clark v. Huff,* 49 Colo. 200.

The plaintiff, having properly established his title, the judgment in his favor, so far as it awarded him the land, was correct, and must be affirmed.

For some reason not easy to comprehend, the trial judge attempted to find and adjudge that a certain decree of the county court of Washington county was void. While the defendant had pleaded a decree of the county court in his favor, purporting to quiet the title to the land in controversy, as well as other lands, no evidence whatever of such a decree was offered on the trial, therefore, under the

pleadings, the replication having denied generally the allegations of the answer, that portion of the trial court's findings and decree which pertained to a purported judgment of the county court was manifestly improper. Inasmuch as the decree of the trial court refers to a decree of the county court by giving its date, and the book and page where same is recorded, and thereupon finds and attempts to adjudge said decree of the county court null and void, confusion is likely to result if the judgment in this case be unconditionally affirmed. For these reasons, the case is modified and remanded, with directions to the trial court to modify its decree in accordance with the views expressed herein.

*Modified and affirmed.*

WALLING, Judge, not participating.