[No. 3380.]

## DALANDER v. KARR.

1. TAX TITLE—*Void Deed—Limitation.* A tax deed void on its face does not set in motion the five year limitation.

2. —— *Certificate of Sale to County—Date.* The certificate of purchase issued to the county for land struck off to it at the tax sale must be dated as of the day of the sale. In construing a treasurer's deed made to the assignee of the certificate, but which fails to disclose the date thereof, the court will presume that it bore the proper date.

*Appeal from Washington District Court.* HON. H. P. BURKE, Judge.

Mr. AUGUST MUNTZING, Mr. EGBERT MORE, for appellant.

Mr. JOHN F. MAIL, for appellee.

*Per Curiam.*—Dalander, plaintiff below, brought this action in the county court of Washington county

to quiet title to the following described land, to wit: the northwest quarter (N. W. ¼) of section twenty-four (24), township two (2) north range fifty-one (51) west of the Sixth Principal Meridian in said Washington county. From an adverse judgment he appealed to the district court of said county, where again judgment went in favor of defendant, appellee here. On the trial in the district court plaintiff offered a tax deed issued to Frederick Davis and Charles T. Kountz, to the land in question. To the introduction of said tax deed, defendant objected, on the ground that it showed on its face that the land in question had been bid in at a tax sale by the county treasurer for the county, and a certificate of purchase assigned to Davis and Kountz more than three years after the date of the sale of the land for taxes, contrary to the provisions of section 3888, M. A. S. This objection being sustained by the court, no further evidence of any sort whatsoever was offered by plaintiff, so far as the abstract prepared on his behalf discloses. The date of the certificate of purchase does not appear on the face of the tax deed, or otherwise in the record, but the date of the assignment of the certificate to Davis and Kountz was January 2, 1901—more than three years after the date of the tax sale. Appellant contends that since the deed offered in evidence did not disclose the date of the issuance of the certificate to the county, the deed was not void on its face, and should have been admitted. In other words, his contention is that the date of the certificate, and not the date of the tax sale, should govern, or that the three year statute begins running from the date of the certificate, rather than from

the date of the tax sale; that since the statute does
not specifically command the treasurer to issue the
certificate of purchase *at the time* of the sale, the
treasurer may issue it thereafter, and at his con-
venience.   This, we say, is appellant's contention.
The supreme court, at the April term, in the case of
*The Empire Ranch and Cattle Company v. Caldron,*
117 Pacific, 1005, decided the question here argued
adversely to the contention of appellant.   In that
case Mr. Justice Bailey, who wrote the opinion, uses
this language:

"It is the duty of the treasurer to make the cer-
tificate at the conclusion of the sale, and in the ab-
sence of a showing to the contrary, it will be pre-
sumed that that officer did his duty.   The clerk has
no authority to assign the certificate after the lapse
of three years, and the assignment was void.   An
assignment was essential to the issuance of deed.
A deed executed upon a void assignment is itself
void, and conveys no title.   The deed is, therefore,
upon its face, a nullity."

We assume that Mr. Justice Bailey, in the use
of the words in the quotation above, "at the con-
clusion of the sale," probably meant at the conclu-
sion of the entire tax sale, and as speedily as pos-
sible thereafter.   But, no matter when the treasurer
shall issue the certificate to the county, it should and
must be dated as of the date of the sale.   Any other
construction of the statute would permit the treas-
urer to nullify at will the act.   See also *The Treas-
ury T. M. & R. Co. v. Gregory,* 48 Colo. 416.

The contention of appellant with reference to
the five year statute of limitations is the same in
this case as in the case of *Little v. Wilson,* No. 3379,

decided at this term, and we hold, on the authorities cited in said opinion, that a tax deed, void upon its face, as was the tax deed offered in this case, does not set the five year statute of limitations in motion.

No other error being complained of, and none appearing, the judgment of the trial court is sustained.                                     *Judgment affirmed.*

WALLING, Judge, not participating.