[No. 3522.]

## McLaughlin v. Wilson.

1. Evidence—*Presumptions.* That of which there is no evidence is presumed non-existent; e. g., the question being whether an attempted redemption from an execution sale had been made by any creditor of the judgment debtor, there being no evidence of any such attempt it was presumed that none was ever made.

2. Execution Sale of Lands—*Premature Execution of Deed.* A sheriff's deed of lands upon execution sale, executed after the lapse of six months from the sale, and before the lapse of the succeeding three months, is valid as to the judgment debtor and his grantee. Only a judgment creditor or one claiming under such creditor may assail it collaterally.

3. Pleading—*Negative Pregnant.* Denial that plaintiff is "the owner *and* in possession of" the lands mentioned in the complaint, does not put in issue the plaintiff's possession.

4. Tax Titles—*Void Deed.* A treasurer's deed founded on a tax sale to the county, and an assignment of the certificate by the county clerk more than three years after the sale, no authority from the county commissioners appearing, is void.

5. —— *Limitation.* A void deed does not set in motion the five years statute of limitations.

*Appeal from Washington District Court.* Hon. H. P. Burke, Judge.

Mr. August Muntzing, Mr. Egbert More, for appellant.

Mr. John F. Mail, for appellee.

Hurlbut, J.

Action to quiet title to land in Washington County, under sec. 255, Mills' Annotated Code. Appellee (plaintiff below) secured a decree against appellant, one of the defendants.

The answer sets up three defenses to plaintiff's cause of action: First, denies the ownership and possession of plaintiff; second, pleads title in defendant by virtue of treasurer's tax deed, and further pleads the five years statute of limitations; third, pleads the seven years statute of limitations applicable to vacant and unoccupied lands.

At the trial plaintiff deraigned title from the government through sundry mesne conveyances.

The assignments of error raise two questions for the consideration of the court in determining this appeal:

First. Did the trial court commit error in permitting the sheriff's deed to be introduced in evidence over defendant's objection?

Second. Was it error to exclude from evidence the treasurer's tax deed offered by defendants?

We will consider the questions in the order stated. The record shows that a judgment was rendered in the district court of Washington county in favor of the Nebraska Loan & Trust Company, against one Daniel H. Garey, who then was the record owner of the land in controversy; that execution was issued on said judgment February 27th, 1892, and placed in the hands of the sher-

iff of that county; that he levied upon the land, advertised and sold the same, and afterwards, on December 5, 1892, executed and delivered a sheriff's deed therefor to the Nebraska Loan & Trust Company. Plaintiff contends that the sheriff's deed shows on its face that it was prematurely executed and delivered, in this, to-wit: The execution was dated February 27, 1892, and twenty days notice of sale being required would fix March 18, 1892, as the earliest date the sale could take place, nine months from that date being December 18, 1892, therefore the sheriff's deed, being dated December 5th of that year, shows the same to have been executed and delivered thirteen days before the time warranted by the statute.

It will be noticed that the judgment creditor was the purchaser at the execution sale. The record is silent as to whether or not the judgment debtor or his grantees or representatives made any attempt to redeem the land from the sale within six months therefrom. No judgment creditor or representative thereof is here complaining that he has been injured or damaged by the execution and delivery of the sheriff's deed before nine months from the day of sale. The first question suggested is, may a sheriff's deed, under the laws of this state, be executed and delivered after the expiration of six months, and before the expiration of nine months, from the date of the sale? In the case of *Finch v. Turner et al.*, 21 Colo., 287, this point was before the supreme court. In that case, at page 291, Justice Campbell, speaking for the court, uses this language:

"But if this were not true (meaning that if the deed had been issued after six months and before nine months from the sale) the appellant, being a grantee of Sanderson, the judgment debtor, cannot be heard to complain. He is subrogated to the rights of his grantor, and has such rights as his grantor would have, and none other.

As to the judgment debtor and his grantee, the deed may issue at any time after the expiration of six months. Gen. Stats. (1883), sec. 1851.''

The language here used is clear and explicit, and permits of no doubt as to the meaning of the supreme court in passing upon the question before it. In other words, as to a judgment debtor or his grantee, a sheriff's deed is valid if executed and delivered after six months and before nine months from the date of sale, providing there has been no redemption. In the case at bar it is not claimed or pretended that the judgment debtor or his grantee had made any effort to redeem the land from the sale within six months from the date thereof. Hence, as to such person, the sheriff's deed was valid if it was otherwise executed and delivered in accordance with law, and it not appearing from the record that any judgment creditor had made effort to redeem the land from the sale after the six months, and within nine months therefrom, it will be presumed that no such redemption was attempted. The deed was voidable only as to them. Appellant further contends that he was a stranger to the judgment proceedings, claiming title under a tax deed and from an entirely different source from that of appellee, and could not be bound by the recitals in the sheriff's deed. Without deciding the question as to whether or not he is such stranger, we do not think appellant is in any position to collaterally attack this deed. He is not shown to be a judgment creditor of the execution defendant, nor his grantee or representative. No rights of appellant were affected by delivery of the sheriff's deed to the purchaser at the sale after six months therefrom. As above shown, the deed was valid on its face as against the judgment debtor and his grantees. The sheriff's deed in question was in substantial conformity with the statute, and, being good on its face as to the judgment

debtor and his grantees, is not subject to collateral attack by appellant. *Snitterlin v. Conn. Mutual Life Ins. Co.,* 90 Ill., 473. The defendant does not deny possession of the premises by plaintiff. The first defense is apparently an attempt to so deny plaintiff's possession, but it is clearly a negative pregnant, and does not put in issue the possession of plaintiff as alleged in his complaint. It reads as follows:

"First Defense. He denies that the plaintiff is the owner and in possession of the lands described in the said complaint."

The plaintiff proved at the trial his fee simple title to the land, and was entitled to a decree declaring him to be the owner thereof, unless defeated by some good defense pleaded and proven by defendant.

As to the second assignment of error, which is predicated upon the refusal of the lower court to permit the treasurer's deed offered by defendant to be admitted in evidence, we think the case of *Empire Ranch & Cattle Company v. Coldren,* 117 Pac., 1005 (Colo.), clearly sustains the rulings of the court below. It appears from the record that the tax deed in question was executed and delivered by the county treasurer of Washington county January 26, 1901. It shows on its face that the treasurer of the county sold the land in controversy on October 16, 1894, at the treasurer's public sale of lands for delinquent taxes, and that the same was bid off by the county of Washington on that date; that no redemption from such sale had taken place, and the county of Washington, by its county clerk, on the 31st day of December, 1900, assigned the certificate of sale to Fred H. Davis and Charles T. Kountze. The record fails to show any action taken by the board of county commissioners as to such assignment. This assignment was more than three years after the sale. The record does not show the date of the

certificate of sale, but under the decision just cited it will be presumed that the certificate was issued at the conclusion of the sale. A tax-deed showing that it was executed and delivered in pursuance of a certificate of sale which was assigned by the county clerk more than three years after the date of its issue rendered the deed void on its face.

The five years statute of limitations pleaded by defendant is not set in motion by a deed void on its face, as has frequently been held by the supreme court and this court. *Gomer v. Chaffee,* 6 Colo., 314; *Page v. Gillett,* 47 Colo., 289; *Little v. Wilson,* 21 Colo. App., 168, 121 Pac., 135.

As to the third defense pleaded in the answer, being the seven years statute of limitations, appellant wholly failed to establish the same at the trial and seems to have abandoned that defense on this appeal.

Finding no error in the record, the judgment should be affirmed.

*Judgment Affirmed.*