[No. 3394.]

## DeFord v. Howell.

1. TAX TITLES—*Void Deed.* A tax deed based upon a sale to the county, and an assignment of the tax certificate by the county clerk more than three years after the date of the sale, upon no other authority apparent than that conferred by the statute, is void.

2. —— *Limitations.* The five years statute of limitations (Rev. Stat. Sec. 5733) is not set in motion by a void deed.

3. —— *Payment of Taxes Under Color of Title.* Taxes due at the time of the assignment of a tax purchase certificate issued to the county, and paid subsequently to the issuance of a deed to the assignee of such certificate, are not to be counted as one of the annual payments required by the seven years limitation act.

*Appeal from Washington District Court.* Hon. H. P. Burke, Judge.

Mr. John E. Ewing, Mr. Francis E. Bouck, for appellant.

Mr. John F. Mail, for appellee.

Mr. R. H. Gilmore, *Amicus Curae.*

Cunningham, Judge.

Appellee Howell, as plaintiff below, brought action in ejectment in the district court of Washington County, alleging that he was the owner in fee and entitled to immediate possession of certain lands in said county, and charging that the defendant wrongfully and unlawfully withheld possession of the same, and wrongfully and unlawfully exercised acts of ownership thereover, and claims to own the land. The defendant, DeFord, answered, denying the material allegations of the complaint, and alleged ownership in fee in himself. Defendant further plead the five year statute of limitations, and also the seven year statute pertaining to vacant and unoccupied lands. The case was submitted on an agreed statement of facts, wherein it was stipulated that Howell, the plaintiff, was the fee simple owner of the premises described in the complaint, unless his title had been extinguished by a deed which had been issued by the treasurer of said county to defendant's grantor, which deed is the source of defendant's title, if any he has. The said tax deed shows upon its face that it was based upon a certificate of purchase issued to the county of Washington by the county treasurer who had bid the land in at a tax sale on October 21st, 1895. By recitations appearing in the tax deed, the tax certificate was assigned by the county clerk to the defendant's grantor on the 3rd day of January, 1901. The deed contains no recitations whatever as to the consideration paid by the assignee of said certificate

to the county, and, it will be seen, the certificate was assigned more than three years after its date. The county clerk appears to have had no other authority to assign the tax certificate than that conferred upon him by the statutes then in force, which statute clearly limited the time in which that officer can make an assignment of a tax certificate to three years after the date thereof. *Lambert v. Murray*, 52 Colo., 156; 120 Pac., 420. It has been repeatedly held by this court and the supreme court that the five year statute of limitations is not set in motion by a deed void on its face. *Dalander v. Karr*, 21 Colo. App., 170; 121 Pac., 136; *Little v. Wilson*, 21 Colo. App., 168; 121 Pac., 135.

The tax deed relied on by appellant was dated and recorded on February 8th, 1901. This action was instituted by the plaintiff on June 10th, 1907, less than seven years after appellant had acquired color of title, granting that his tax deed, void on its face, constituted color of title. Appellant's grantor, seven days after the recording of the tax deed, to wit, on February 15th, 1901, paid the taxes for the year 1900. The taxes for that year, that is, for the year 1900, were due at and before the time the certificate was assigned. The treasurer had no authority for issuing the tax deed to the assignee of the certificate until the latter had paid all taxes subsequent to the date of the certificate. Therefore, the taxes for the year 1900 cannot be counted as one of the seven annual payments of taxes under the statute, and cannot aid the plaintiff's claim of title by limitation. Excluding the taxes for the year 1900, the defendant and his grantor had not, at the time of the bringing of this action, June 10, 1907, made payments of taxes assessed for seven successive years after the date of the recording of the tax deed relied upon. On the authority of *Empire Ranch & Cattle Company v. Howell*, 22 Colo. App., 404 (No. 3411), the opinion in which was recently handed down by this court, defend-

ant's claim of title under the seven year statute of limitations cannot be allowed. ·

The judgment of the trial court is sustained.

*Affirmed.*